UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
AUG 2 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FREDERICK BANKS; VAMPIRE NATION,

    Plaintiff,

v.                                  Case No.: 07-309 (EGS)

HARLEY LAPPIN, et al.,

    Defendants.

PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT; OR FOR A MORE
DEFINITE STATEMENT

    Plaintiffs' Frederick Banks and Vampire Nation hereby respond to Defendants' above captioned Motion and represents the following:

Defendants request that the Court enter summary judgment in favor of the moving Defendants, pursuant to Fed.R.Civ.P.56, "because there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law" and under Fed.R.Civ.P. 12(e), defendant Department of Justice requests that the Court order Plaintiffs' to make a more definite statement if the claims are not dismissed. Since there is a genuine issue of material fact and no more definitive statement is needed as more information can be gleemed from discovery, the Court should deny Defendants' Motion and request.

    Vampire Nation is a sole proprietor ship and debtor of Frederick Banks, a secured party creditor. Since Vampire Nation was affected by Defendants' actions in this lawsuit Banks listed Vampire Nation as an additional plaintiff and properly signed the complaint for Vampire Nation. Vampire Nation has standing to bring this suit because when Defendants' inflicted damage on Banks through actions and inaction they similarly inflicted damage on Vampire Nation. Since Banks is the creator and sole member of Vampire Nation, it too was damaged. This Court has subject matter over the claims against The President, The Vice President and Senator Shumer because Banks also made privacy act claims against these individua and they did not provide the requested records under the privacy act. Banks' claims against the Transportations Security Administration, the Library of Congress, the Department of the Treasury, The Department of State, The Bureau of Prisons and the Department of Justice should not be dismissed because Banks did submit FOIA claims to these defendants by tendering copies to the correctional officer at his former place of incarceration FCC Butner under the prison mailbox rule. Under the prison mailbox rule a request tendered to an agency or party is deemed filed at the time it is handed to the officer or placed in the institution mailbox. See. Houston v. Lack 487 US 288 (1988). Thus, wheither the agencies received the

requests is immaterial. All Banks had to do was "file" the request with the agency. Banks did so under the prison mailbox rule and therefore the agencies violated his rights under the FOIA and Privacy Act when it did not furnish the requested records. Further, the Defendants do not and cannot assert that Banks' request under the Privacy Act was not made and therefore they have conceeded the Privacy Act claims and the records under the Privacy Act must be delivered to Banks along with damages for Defendants' adverse determination in not providing the records under the act. Defendants state "In the alternative, all Defendants are entitled to summary judgment on the FOIA claims. No issue of material fact exists as to whether the Defendants received FOIA requests or are agencies subject to FOIA." Defendants do not assert a Privacy Act claims defense. Plus, as Banks has explained he was simply required to file his requests with the agencies. Under the well settled Prison mailbox rule he did just that and therefore a geniune issue of material fact exists in this case and the case should be set for trial or in the alternative the Court should grant summary judgment for the Plaintiffs and order that the records be released and damages be assessed.

Request for Dismissal

Defendants' citation to Atchinson v. District of Columbia, 73 F.3d 418, 421 (D.C. Cir. 1996) is off point because the complaint mentioned there was one under section §1983 and was for municipal liability. "Because of the strict requirements of section 1983, several courts of appeals, prior to Leatherman, had adopted a "heightened pleading standard" applicable to claims alleging municipal liability under section 1983." Id at 421. This case has no application here on the FOIA/PA claims as Defendants assert. "A motion to dismiss for failure to state a claim upon which relief can be granted tests not whether the plaintiff will prevail on the merits, but instead whether or not he has properly stated a claim." Appleton v. US 69 F.Supp.2d 83, 86 (D.D.C. 1999) See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct 1683, 40 L.Ed.2d 90 (1974); Fed.R.Civ.P. 12(b)(6). "The Court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Appleton, supra See Hishon v. King & Spalding, 467 US 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Atchinson v. D.C., 73 F.3d 418, 421 (D.C. Cir. 1996). "In deciding such a motion the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." Appleton at 86 See Maljack Prods. v. Motion Picture Ass'n, 52 F.3d 373, 375 (D.C. Cir. 1995). "Summary judgment is appropriate if the pleadings and record "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "We examine

the facts in the record and reasonable inferences in the light most favorable to the nonmoving party". Taylor v. F.D.I.C.; Wardlaw v. Pickett, 1 F.3d 1297, 1299 (D.C.Cir.1993). Plaintiffs' in this case have met the burden against Defendants' call for summary judgment. See attached Exhibit FOIA/PA Letters to Defendants' and Letter from the Library of Congress.

Evidentiary Standard for Summary Judgment

All Plaintiffs must do if the moving party has met its burden, must proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The Defendants in this case have not met their burden because they cannot get around the fact that all Plaintiffs had to do was file their requests to the agency offices under FOIA and where Plaintiffs did that by handing addressed copies to each agency under the prison mailbox rule, Defendants have clearly not met their burden and Plaintiffs have shown specific facts as to why a genuine issue of material fact exists for this case to be set for trial.

FOIA Summary Judgment Standards

It would not make sense to say as Defendants do here that Plaintiffs have no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law because Plaintiffs' have not yet even responded, until now to Defendants' motion. What defendants' assert is the equivalent of a one sided conversation where the party has not yet responded to allegations. This one side of the coin sounds good until the Court gets the entire picture. Plaintiffs' exhibits and Affidavit fills in the blanks for the Court here and the complete picture clearly shows that Defendants' are entitled to no relief on any of their requests. Further, Defendants do not invoke any exemptions to Plaintiffs' multiple requests and therefore have conceeded any such exemptions they could have invoked. All of the requested records must be released. Where plaintiffs submitted their request to the Executive Office of the President and Vice President they are entitled to the request records. See 5 U.S.C. § 552(f)(1) and where Defendants made no claim to the contrary the President and Vice President violated the Privacy Act by not providing the requested records under the Privacy Act. Where Defendants did not make out a defenses under the Privacy Act for the House of Representatives, The Senate, and Senator Charles Schumer under the Privacy Act, Plaintiffs' are entitled to judgment in their favor and the Privacy Act records must be released and damages assessed and paid to Plaintiffs'. Plaintiffs' propounded requests to the agencies and entities and requested everything about me, pertaining to me or that mentions my name. The records were not provided under FOIA or PA Acts. It is immaterial

that the searches of Defendants' yielded no results for requests because all Plaintiffs had to do was file the requests and they did so under Houston v. Lack and the prison mailbox rule. Once the request were turned in for mailing to the parties the requests were deemed filed. Now what happened from the time Plaintiffs' placed their requests in the institution mailbox or handed their request to a correctional officer at FCC Butner for tendering to the parties is probably a matter of concern for the Postmaster General but not for Plaintiffs' in this action because as mentioned all that was required was to file the requests with the various agencies and entities and this was clearly done. Concerning the more definate statement Plaintiffs' made their request to the Executive Offices of the US Attorney and no responses were received.

Plaintiff Exhausted His Available Administrative Remedies

Plaintiffs' properly alleged that he requested administrative remedies from the institution staff. Staff refused and did not provide Plaintiff with the remedies. Therefore, at the time before filing the complaint, Plaintiff had exhausted his "available remedies" since no remedies were available to him he has exhausted the remedies for the claims in this action and the case must proceed. It would be virtually impossible to exhaust remedies that were not available to Plaintiffs at the time the Complaint was filed.

This Court Has Personal Jurisdiction Over the Individual Defendants

Under the long arm statutes this Court has jurisdiction over the agents because as officials of the United States government they are subject to the Commerce Clause as they operate in activities that substantially effect interstate commerce in their daily operations. Such as faxes and communications to other agents in and around DC and other states. E-mails on the bog.gov server to and from different government agencies and officials on a daily basis, and the sending and receiving of agency documents from DC and other states, all matters of Commerce and thus, the commerce clause applies. These contacts and interstate communications are sufficient minimum contacts with the forum state to invoke this Courts jurisdiction. Indeed, Defendants house DC inmates and the seat of government is in DC and therefore since the communications with the forum state is vast, surely the sufficient minimum contacts is satisfied to provide for personal jurisdiction over the Defendants. To avoid piecemeal litigation, this case should not be transferred but adjudicated in this DC Court. Concerning service Plaintiff agrees that defendants must be served, However, where the Plaintiff is proceeding In forma Pauperis, this is a job for the US Marshall and if Defendants' refuse to waive service Plaintiffs hereby move to have all Defendants

in this action served. It was Plaintiffs understanding that Defendants would be served because of his Pro se Pauperis status. If this was not done it should be done immediately by ordering the US Marshal to conduct service on the Defendants.

Harley Lappin is responsible for the actions along with defendants because during the course of the complained of conduct he had personal contact with the Defendants through their use of the e-mails and fax and telephone communications and was thereby involved in the personal running of the ship not just as the captain but as a doer of deceit himself. The United States should not be substited for the Defendants in this action because when Defendants violated Plaintiffs' rights they were acting outside the scope of their official duties. See Bivens v. Six Unknown Agents of Federal Bureau of narcotics, 403 US 388 (1971). It would be unfair to allow for substitution and then allow defendants to claim a non-exhaustion under the FTC defense. If the United States is substituted the Defendants should be required to waive the exhaustion requirement under the Federal Tort Claims Act. To allow the United States to pop in and out of lawsuits as it pleases against this Pro se Plaintiff would affect the fundamental fairness of these proceedings and violate Plaintiffs Due Process and Equal Protection Rights under the Fifth Amendment to the US Constitution. Const Amend. V.

Plaintiffs' have stated a claim under the False Claims Act where they stated that Defendants converted money paid by the United States and violated Plaintiffs' Constitutional Rights and took their pay under false pretenses. Jurisdiction is proper in DC because that is the venue of Plaintiffs' choice and some of the Defendants reside there. Plaintiffs are not required to break up their suit into a million pieces and bombard different courses with tiny pieces from the same course of conduct conducted by these Defendants'. Thus, the case should not be transferred. This Court is capable of hearing the claims in this action.

Conclusion

For all the foregoing reasons along with the attached exhibits all of Defendants' requests should be denied.

Respectfully submitted,

Frederick Banks
#05711-068
Unit 2AU
PO Box 5000
Yazoo City, MS 39194-5000

VAMPIRE NATION

PLAINTIFFS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREDERICK BANKS; VAMPIRE NATION,

    Plaintiff,

v.                                       Case No.: 07-309 (EGS)

HARLEY LAPPIN, et al.,

    Defendants.

## DECLARATION OF FREDERICK BANKS

I, FREDERICK BANKS, hereby declare as follows:

1. I am the Plaintiff in this action and I represent Vampire Nation the other plaintiff in this action. During 2006 and 2007 I submitted various requests under the Privacy Act and Freedom of Information Act to the Department of Justice Executive Office of the US Attorney, Federal Bureau of Prisons, Department of the Treasury, Transportation and Security Administration, Department of State, The Library of Congress, and the other Defendants in this action. All of my requests under the FOIA and PA Acts were submitted and filed pursuant to the Prison Mailbox Rule under The Supreme Court case Houston v. Lack 487 US 266 (1988) and other well settled authority. At the time I placed the FOIA/PA requests in the correctional officers hands or in the institution mailbox the requests were filed. Thus, all the requests I made were filed and I have therefore exhausted my available remedies under FOIA/PA Acts. Only one of the Defendants wrote back and that was the Library of Congress. I have included some of the requests I made along with the response I received from the Library of Congress on my FOIA PA requests in the exhibit section attached to my Reply and hereby incorporated by reference and realleged as if fully set forth again.

2. I exhausted all of my available remedies because I requested orally and verbally from the Unit Team and Warden administrative remedies. None of the requested BP 8, 9, 10, and 11 remedies were provided. Thus I have exhausted my available remedies in this action. I have included a couple of the requests I made to the Unit Team doing the material time for remedies and the Warden.

3. During this time I also requested on at least two occasions verbally a federal tort claim because I wanted to suit the United States for the Defendants actions on top of suing the individual defendants. The Tort Claim was never provided and I have learned that my request to copy the documented requests I made via inmate request to staff member were never copied to my central file under the privacy act. 5 USC 552a.

4. Defendants Patricia R. Stansberry, John Miosi, Daniel Greene, Walter Harris, Michael Allen, Robert E. Dodson, all do business in the District of Columbia because they make telephone calls, e-mails and fax communications to the District of Columbia and are Federal Officials thereby invoking this Courts' jurisdiction under the Commerce Clause since they operate in activities that substantially effect interstate commerce and meet the minimum contacts test sufficiently to invoke the Courts personal jurisdiction over them.

5. The Affidavits of Margaret G. Peppe, Hugh Gilmore, Kevin J. Janet, and Debrorah Ramsey are all denied in their entirety. The FOIA/PA requests were made and filed under Houston v. Lack 487 US 266 (1988). Some of the requests were received such as in the case of the Library of Congress where they confirmed that they received the request by providing the response letter based on the request. Thus in this case there exist a genuine issue of material facts sufficient to have this case set for trial by this Court & no doubt should now exist in anyones mind to the validity of the Plaintiffs' claims.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief in accordance with 28 USC § 1746.

_____
Frederick Banks

Dated: 8/22/07

EXHIBITS

# Freedom of Information Act Request

Name of Agency: _____ ~~Dpartment of~~ Justice Executive Office of the US Attornys
Address: _____ 950 Pennsylvania Ave, NW
City/ State/Zip: _____ Washington DC 20530


Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (5 552) in conjunction with the Privacy Act (5 USC 552a)

I am writing to request the following information:
I request every document in your system of records about me, that pertains to me or that mentions my name and my company Vampire Nation.




The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all non-exempt portions which are reasonably segregable. I of course reserve my right to appeal the withholding or deletion of any information.

If you have any questions regarding this request, please write me at the below captioned address.

As provided in the Freedom of Information Act, I will expect to receive a reply within 20 working days.

Sincerely yours,

Frederick Banks
_____
(Name)
05711-068
_____
(I.D. Number and Unit)
LSCI Butner (LOW)
_____
(Post Box) 999
_____
(Address)
Butner, NC 27509

Filed this 2nd day of January 2007 pursuant to the Houston mailbox rule by handing a copy to the correctional officer postage prepaid and addressed to the party listed above. Houst v. Lack 487 US 266 (1988)

# Freedom of Information Act Request

Name of Agency: <u>Federal Bureau of Prisons</u>
Address: <u>320 First Street, NW</u>
City/ State/Zip: <u>Washington DC 20534</u>

Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (5 552) in conjunction with the Privacy Act (5 USC 552a)

I request every document in your system of records about me, that pertains to me or that mentions my ~~I am writing to request the following information:~~ ~~name and my company Vampire Nation:~~ I also request all information pertaining to my continued unlawful confinement in the SHU at LSCI Butner, the investigation of these matters and my copyrighted poems and song lyrics that were confiscated by Lt. Dodson and Lt. Allen in violation of my First Amendment Rights to freedom of speech in this copyright infringement disgraceful conduct. I would also like information regarding the discriminatio[n] I have suffered based on my race and religion and class based status as an African America[n] Citizen of Pennsylvania and North Carolina. Also, any records pertaining to the personal conversations I had with Warden Stansberry, Walter Harris, D. Greene, mail corrispondence with Harley Lappin, Director on the discrimination and unlawful conduct when for instance the Warden on at least two occasions personally approached my cell and acted indifferently towards my serious concerns.

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all non-exempt portions which are reasonably segregable. I of course reserve my right to appeal the withholding or deletion of any information.

If you have any questions regarding this request, please write me at the below captioned address.

As provided in the Freedom of Information Act, I will expect to receive a reply within 20 working days.

Sincerely yours,

Frederick Banks

<u>05711-068</u>
(Name)
<u>LSCI Butner (LOW)</u>
(I D Number and Unit)
PO Box 999
<u>                        </u>
(Institution)
<u>Butner, NC 27509</u>
(Address)

Filed this 2nd day of January 2007 pursuant to the prison mailbox rule by handing a copy to the correctional officer postage prepaid ~~and addressed to the party listed~~ above. Houston v. Lack 487 US 266 (1988)

# Freedom of Information Act Request

Name of Agency: <u>Department of the Treasury</u>
Address: <u>15th & Pennsylvania Ave, NW</u>
City/State/Zip: <u>Washington DC 20220</u>

Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (5 552) in conjunction with the Privacy Act (5 USC 552a)

I am writing to request the following information:

I request every document in your system of records about me, that pertains to me or that mentions my name and my company Vampire Nation.

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all non-exempt portions which are reasonably segregable. I of course reserve my right to appeal the withholding or deletion of any information.

If you have any questions regarding this request, please write me at the below captioned address.

As provided in the Freedom of Information Act, I will expect to receive a reply within 20 working days.

Sincerely yours,

<u>Frederick Banks</u>
(Name)
<u>05711-068</u>
(I D Number and Unit)
<u>LSCI Butner (LOW)</u>
(Institution)
<u>PO Box 999</u>
(Address)
<u>Butner, NC 27509</u>
(City, State, and Zip)

# Freedom of Information Act Request

Name of Agency: <u>Transportation Security Administration</u>
Address: <u>Washington DC 20530</u>
City/ State/Zip: _____

Dear Sir or Madam:

    This is a request under the Freedom of Information Act as amended (5 552) in conjunction with the Privacy Act (5 USC 552a)

    I am writing to request the following information:

I request every document in your system of records about me, that pertains to me or that mentions my name and my company Vampire Nation.

    The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all non-exempt portions which are reasonably segregable. I of course reserve my right to appeal the withholding or deletion of any information.

If you have any questions regarding this request, please write me at the below captioned address.

As provided in the Freedom of Information Act, I will expect to receive a reply within 20 working days.

                                          Sincerely yours,

                                          <u>Frederick Banks</u>
                                            (Name)
                                         <u>05711-068</u>
                                       (I D Number and Unit)
                                    LSCI Butner (LOW)
                                         (Institution)
                                    PO Box 999
                                        (Address)
                                    Butner, NC 27509
                                   (City, State, and Zip)

Department of S

# Freedom of Information Act Request

Name of Agency: __Department of State__
Address: __2201 C Street NW.,__
City/State/Zip: __Washington DC 20520__

Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (5 552) in conjunction with the Privacy Act (5 USC 552a)

I am writing to request the following information: records about me, that pertains to me or that mentions my name and my company Vampire Nation.

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all non-exempt portions which are reasonably segregable. I of course reserve my right to appeal the withholding or deletion of any information.

If you have any questions regarding this request, please write me at the below captioned address.

As provided in the Freedom of Information Act, I will expect to receive a reply within 20 working days.

Sincerely yours,

Frederick Banks
(Name)
05711-068
(ID Number and title) LSCI Butner (LOW)
PO Box 999
(Institution)
Butner, NC 27509
(Address)
(City, State, and Zip)



**THE LIBRARY OF CONGRESS**
101 INDEPENDENCE AVENUE, S.E.
WASHINGTON, D.C. 20540-9440

OFFICE SYSTEMS SERVICES

January 17, 2007

Dear Mr. Banks,

This is in response to your letter dated September 25, 2006 addressed to the Library of Congress, requesting copies of the various House and Senate Bills.

The Library of Congress (excepting the Copyright Office), an agency in the Legislative Branch of the Federal Government, is not subject to the Freedom of Information Act (5 U.S.C. 552). In keeping with our own regulations on the release of records, however, we make the fullest possible disclosure of records consistent with the functions and duties of the Library. Library of Congress Regulation 1917-3, a copy of which is enclosed, governs requests for Library records.

The information you have requested is a very broad reference request and does not meet the criteria for a Library record. We suggest you contact a local public reference librarian for assistance should you wish further reference assistance.

Sincerely,

Robert L. Williams
Chief, Office Systems Services
and Records Officer for the Library of Congress

enclosure

Mr. Frederick Banks
#05711-068
Butner FCI Low
PO Box 999
Butner, NC 27509-0999

| U.S. Department of Justice | **Certification of Identity** |  |

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   FREDERICK HAMILTON BANKS

Citizenship Status [2]   USA   Social Security Number [3]   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

Current Address   #05711-068, LSCI Butner, PO Box 999, Butner, NC 27509

Date of Birth   9/10/67   Place of Birth   Pittsburgh Pennsylvania

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]   _____   Date   1/2/07

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

**Print or Type Name**

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 2/29/04

FORM DOJ-361
APR.01

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Walter Harris, Denise Brewer, D Green | DATE: 12/29/07 |
|---|---|
| FROM: Frederick Banks | REGISTER NO.: 05711-068 |
| WORK ASSIGNMENT: SHU | UNIT: Granville A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I request 4 of each BP 8, 9, 10, and 11 so that I may exhaust remedies for this unlawful confinement. I am being discriminated against because of my race and religion and my property has been stolen ie poems and songs in violation of my First Amendment, Fifth Amendment Rights to due process, equal protection, religious freedom and free speech. Please copy this to my central file under the Privacy Act. 5 USC 552a.

(Do not write below this line)

DISPOSITION:

Signature Staff Member                     Date

Copy - File; Copy - Inmate
Form may be replicated via WP)

BP-S148.055  INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                          FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Warden Patricia R. Stansberry | DATE: 1/8/07 |
| FROM: Frederick Banks | REGISTER NO.: 05711-068 |
| WORK ASSIGNMENT: SHU | UNIT: Granville A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I requested remedies from the Unit Team via cop out and verbally on several occasions. Walter Harris, O. Greene and Denise Brewer informed me that no administrative remedies will be provided. This violates BOP policy, the CFR, and yourself are acting outside the scope of your granted authority which makes you liable since you have not provided the requested remedies. I'm therefore renewing my request for 4 BP 8's, 9, 10, and 11's so that I may exhaust. Failure to furnish me with the remedies constitutes agreement that I have exhausted my "available remedies." Please copy this to my central file under the Privacy Act 5 USC § 552a.

(Do not write below this line)

DISPOSITION:

Signature Staff Member                    Date

Copy - File; Copy - Inmate
[form] may be replicated via WP

Certificate of Service

I hereby certify that on this 22nd day of August, 2007 I served a true and correct copy of the foregoing by mail delivery and filed on the same date under the prison mailbox rule by handing a copy to the correctional officer addressed to the Clerk, United States District Court, 333 Constitution Avenue, NW, Washington DC 20001. Houston v. Lack, 487 US 266 (1988).

Jeffrey Taylor
Rudolph Contreras
Karen L. Melnik
AUSA's
555 4th Street, N.W. Rm. 4112E
Washington, DC 20530

_____
Frederick Banks

All documents herein executed under the penalty for perjury. 28 USC § 1746 on this 22nd day of August, 2007 to the best of my knowledge and belief.

_____
Frederick Banks