UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICK BANKS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07-309 (EGS) |
| | ) |
| HARLEY LAPPIN, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT;
OR FOR A MORE DEFINITE STATEMENT**

Defendants have moved for dismissal or summary judgment under Fed. R. Civ. P. 11(a); 12(b) (1), (2), (3) (4), and 56. Plaintiff has not specifically addressed the factual statements presented in the statement of material facts accompanying Defendants' filing.

> To survive summary judgment, the nonmoving party must offer more than mere allegations, Anderson [v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)], by going "beyond the pleadings and by its own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
>
>                                               * * *
>
> [L]egal conclusions "cloaked" as facts are not sufficient to create a genuine issue of material fact. And, of course, the parties are obligated, pursuant to Local Rule 108(h) [now Local Civ. R. 7(h) and 56.1], to identify the material facts and point to evidence of record that supports their respective positions. Jackson v. Finnegan, Henderson, Farabow, Garrett, 101 F.3d 145, 150-51 (D.C. Cir. 1996).

United States v. BCCI Holdings, 977 F. Supp. 1, 6 (D.D.C. 1997), aff'd mem., 159 F.3d 637 (D.C. Cir. 1998). Plaintiff has not addressed the facts identified and supported by Defendants;

and they should be deemed admitted. See Local Civ. R. 7(h); 56.1.

These facts, for instance, include that the Department of State, the Department of Treasury, the Transportation Security Administration, and the Bureau of Prisons have never received any FOIA requests from Plaintiffs; Vampire Nation has not submitted any requests to any of the defendants; Patricia Stansberry, John Miosi, Daniel Greene, Walter Harris, Michael Allen, and Robert E. Dodson do not reside or own real property in the District of Columbia. These, along with the remaining undisputed facts, warrant summary judgment in favor of the defendants.

In Plaintiff's Opposition to Defendant's motion to dismiss, he primarily attempts to show that he exhausted his administrative remedies under the Freedom of Information Act ("FOIA") and Privacy Act prior to bringing this litigation. In support of this argument, Plaintiff attaches several documents to his filing, including (1) a FOIA Request addressed to the Bureau of Prisons ("BOP"), dated January 2, 2007 (hereinafter "January 2, 2007 FOIA request"); (2) an Inmate Request to BOP Staff dated December 29, 2007;[1] (3) an Inmate Request to Staff, dated January 8, 2007; (4) a FOIA Request to the Department of Justice's Executive Office of U.S. Attorneys, dated January 2, 2007); (5) an undated FOIA Request to the Department of State; (6) an undated FOIA request to the Department of Treasury; (7) an undated FOIA Request to the Transportation Security Administration; and (8) a response from the Library of Congress regarding Plaintiff's September 25, 2006 FOIA Request. In reply to Plaintiff's filing, Defendants rely on the contents of their opening memorandum and the arguments set forth herein.

As Defendants argued in their opening brief, dismissal of Plaintiff's FOIA and Privacy

---

[1] The authenticity of this request is suspect because it is post-dated.

Act claims is warranted because some Defendants either never received Plaintiff's requests or they are not subject to the FOIA. See Defendants' Motion at 6-7; Cox Decl. ¶ 6; Peppe Decl. ¶ 6; Gilmore Decl. ¶ 7; Janet Decl. ¶ 3.  Absent a showing that an agency actually received a FOIA request, the agency has no obligation under FOIA to respond to such request.  See West v. Jackson, 448 F.Supp. 2d 207, 211 (D.D.C. Sept. 15, 2006), aff'd, No. 06-5281, 2007 WL 1723362 (D.C. Cir. Mar. 6, 2007); see also 5 U.S.C. § 552(a)(6)(A)(1) (providing that agency's obligation to respond to a FOIA request does not arise until "after the receipt of any such request").[2]  Nothing in Plaintiff's attachments demonstrates that the agencies received his requests; therefore, there is no jurisdiction under the FOIA or Privacy Act to enjoin these agencies from withholding anything.  Thomas v. FAA, Civil Action No. 05-2391 CKK, 2007 WL 219988, *3 -4 (D.D.C. Jan. 25, 2007); see also Pollack v. Department of Justice, 49 F.3d 115, 117-20 and n.1 (4th Cir. 1995).[3]

"If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." Carbe v. Bureau of Alcohol, Tobacco and Firearms, Civil

---

[2] Plaintiff cites Houston v. Lack, 487 U.S. 266 (1988), for the proposition that his FOIA requests are "deemed filed at the time it is handed to the office or placed in the institution mailbox.  Thus, whether the agencies received the requests is immaterial." See Plaintiff's Opposition at 1-2.  The case Plaintiff cites concerns the timely filing of notices of appeals by pro se prisoners.  The question for the Supreme Court was "one of timing, not destination: whether the moment of 'filing' occurs when the notice is delivered to the prison authorities or at some later juncture in its processing." Id. at 273.  The Court concluded that "the notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." Id. at 276.  Here, Plaintiff alleges that he mailed FOIA requests to government agencies, as opposed to mailing a notice of appeal or any other court filing that has a deadline; therefore, Houston v. Lack is inapposite.

[3] The Library of Congress received a FOIA request from Plaintiff, however, it informed him that his broad request did not meet the criteria for a Library record.

Action No. 03-1658, 2004 WL 2051359 *8 (D.D.C. Aug. 12, 2004) (quoted in Hutchins v. Department of Justice, Civil Action No. 00-2349 HHK, 2005 WL 1334941, *1-*2 (D.D.C. June 6, 2005)).  As the Court in Hutchins concluded:

> Although plaintiff shows that he mailed a FOIA request on or about November 29, 1997 . . . .  Without any showing that the agency received the request, the agency has no obligation to respond to it.

Hutchins v. Department of Justice, Civil Action No. 00-2349 HHK, 2005 WL 1334941, *1-*2.

> In this instance, the unrefuted facts show that the offices with jurisdiction over the city, state and zip code information are the regional offices. . . .  Carollo's request must be made to the individual offices.  The fact that the OGC failed to notify Carollo of this does not necessitate ordering the OGC now to collect and disclose the information.  Because the OGC does not maintain the records Carollo seeks, it did not violate the FOIA in refusing to disclose the cities, states and zip codes of tort claimants.  The same is true with respect to information contained in any other data fields not maintained by the OGC.  On this issue, the VA's Motion for Summary Judgment is SUSTAINED and Carollo's OVERRULED.

Dayton Newspapers, Inc. v. Department of Veteran Affairs, 257 F.Supp.2d 988, 1000-1001 (S.D. Ohio 2003).

    Moreover, it appears that Plaintiff may simply have used an incorrect address for the Department of State.  The address in the caption of the FOIA Request that Plaintiff used for the Department of State, for instance, is a different one than is used for submitting FOIA/PA requests.  See 22 C.F.R. § 171.5(a) ("Requests for records in accordance with this chapter may be made by mail addressed to the Information and Privacy Coordinator, U.S. Department of State, SA-2, 515 22nd Street, NW., Washington, DC 20522-6001").  In any event, Department of State FOIA responses are triggered in the order of receipt.  See 22 C.F.R. § 171/5(e) (requests "are

processed in the order in which they are received."). Plaintiff's purported requests to Department of State, as well as the other agencies, were never received. See Cox Decl. ¶ 6; Peppe Decl. ¶ 6; Gilmore Decl. ¶ 7; Janet Decl. ¶ 3.

Moreover, as explained previously, Plaintiff did not exhaust his administrative remedies prior to filing the instant litigation. See Defendants' Motion at 7-10. Specifically regarding Plaintiff's FOIA/Privacy Act claims against the BOP, a recent decision in another lawsuit Plaintiff filed is illustrative. In Banks v. Bureau of Prisons, Civil Action No. 07-0321 (RMU), Plaintiff filed suit against the BOP, which included a FOIA claim pertaining to a January 18, 2007 FOIA Request for records. See Memorandum Opinion and Order (attached hereto). The clerk's office in that case received Plaintiff's lawsuit on January 26, 2007. Id. at 2. The Court, in considering Plaintiff's FOIA claim, noted the requirement that a FOIA requestor must exhaust his administrative remedies under the FOIA before filing a lawsuit. Id. Further, the Court noted that Title 5 U.S.C. § 552(a)(6)(A) of the FOIA requires that a FOIA requestor give an agency twenty business days in which to respond to a FOIA request prior to bringing suit. Id. Because Plaintiff, in that case, did not give the BOP the requisite twenty days in which to respond to his FOIA request prior to bringing suit, the Court dismissed his FOIA claim for failure to exhaust administrative remedies. Id.

In this case as in that case, Plaintiff's FOIA and Privacy Act claims should be dismissed. Plaintiff's FOIA and Privacy Act allegations center around his December 28, 2006, placement in the BOP's special housing unit ("SHU"). See Compl., ¶¶ 2-4; January 2, 2007 FOIA Request (indicating nature of Plaintiff's FOIA/Privacy Act requests pertain to his placement in the SHU); Cox Decl. ¶¶ 3-4 (indicating Plaintiff's placement in the SHU began on December 28, 2006).

5

Accordingly, any FOIA or Privacy Act requests made by Plaintiff could have been made no earlier than December 28, 2006.[4]  It is undisputed that Plaintiff's complaint in this matter was received by the Clerk's Office on January 5, 2007, see Clerk's Date Stamp on Complaint, and that the BOP did not respond to any FOIA/Privacy Act claims regarding the subject of the instant litigation.  See Cox Decl. ¶ 6.  Accordingly, because Plaintiff brought the instant FOIA litigation without having first given the BOP the requisite twenty days in which to respond to his purported FOIA request, his FOIA claim must be dismissed.

Dismissal of Plaintiff's FOIA/Privacy Act claims against the BOP is also warranted because Plaintiff's purported January 2, 2007 FOIA/Privacy Act Request does not comply with applicable law or regulations.  Pursuant to the FOIA, an agency in receipt of a FOIA request is required to make available its records only where the request is "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed."  See 5 U.S.C. § 552(a)(3).  BOP regulations require, in part, that an inmate FOIA requester clearly mark "FREEDOM OF INFORMATION ACT REQUEST" on the face of the FOIA letter and on the envelope.  See 28 C.F.R. § 513.61(c).  In addition, the inmate requester "shall clearly describe the records sought, including the approximate dates covered by the record . . . and provide his or her full name, current address, date and place of birth. Id.  Inmate requests for records under the Privacy Act must also comply with the above requirements.  See 28 C.F.R. § 513.50.  It is undisputed that Plaintiff's January 2, 2007 FOIA/Privacy Act Request to the BOP does not include the approximate dates of the records sought, nor does it include the inmate's date or place of birth.  See January 2, 2007 FOIA request.  Because Plaintiff's request did not comply with the

---

[4]  The FOIA request document attached to Plaintiff's response is dated January 2, 2007.

BOP's rules regarding inmate FOIA/Privacy Act requests, the BOP had no obligation to respond to the request or to produce any records.

For the foregoing reasons and as set out in Defendant's opening memorandum, the Court should dismiss Plaintiff's complaint in its entirety or, in the alternative, grant summary judgment in favor of Defendants.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
UNITED STATES ATTORNEY


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
KAREN L. MELNIK D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, NW, Rm. 4112E
Washington, DC 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the foregoing was served, this 3rd day of October, 2007, by United States mail, first class postage paid, addressed to:

Frederick Banks
Reg. No.  05711-068
Unit 2 AU
P.O. Box 5000
Yazoo City, MS 39194-5000

                                                _____/s/_____
                                                Karen L. Melnik
                                                Assistant United States Attorney

FILED

FEB - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Frederick Banks, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  07 0321 |
| | ) | |
| | ) | |
| Bureau of Prisons *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and, pursuant to 28 U.S.C. § 1915A(b)(2), will dismiss a claim and transfer the remainder of the case to the United States District Court for the Eastern District of North Carolina.

Pursuant to § 1915A, the Court is required to screen a prisoner's complaint and "identify cognizable claims or dismiss the complaint, or any portion [thereof] if the complaint," among other grounds, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). Plaintiff is a prisoner incarcerated at the Federal Correctional Institution in Butner, North Carolina. He seeks to compel defendants' compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq.*, arising from his request for records on January 18, 2007. He also asserts claims under the Privacy Act, 5 U.S.C. §§ 552a *et seq.*, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.

FOIA claims are premised on an agency's improper withholding of records. *See McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)) ("federal jurisdiction is dependent upon a

showing that an agency has (1) improperly; (2) withheld; (3) agency records") (internal quotation marks omitted). As a general rule, a FOIA requester must exhaust his administrative remedies before filing a lawsuit. *See Oglesby v. Dep't of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990). Exhaustion is not a jurisdictional barrier but "as a jurisprudential doctrine, [the] failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance. *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003). The District of Columbia Circuit therefore has interpreted the FOIA's exhaustion provisions as "requiring the completion of the administrative appeal process before courts become involved, if the agency has responded to the request before suit is filed." *Oglesby*, 920 F.2d at 65. An agency has twenty business days in which to respond to a FOIA request. *See* 5 U.S.C. § 552(a)(6)(A). The Clerk received plaintiff's lawsuit on January 26, 2007, weeks before the deadline for the agency's response. It is too soon for plaintiff to claim that he has exhausted his administrative remedies either actually or constructively. The Court therefore will dismiss the FOIA claim for failure to state a claim upon which relief may be granted.

As for the remaining claims, the proper venue for litigating an FTCA claim is limited to "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). A Privacy Act claim may be heard either by this Court or by the district court in the district where the plaintiff resides or where "the agency records are situated." 5 U.S.C. § 552a(g)(5). Plaintiff's FTCA claim arises from the alleged confiscation of his property by officers at the Butner correctional facility, *see* Compl. ¶¶ 2, 14-16, and his Privacy Act claim arises from alleged inaccuracies in records maintained there. *See id.* ¶¶ 17-20. The Court

therefore finds it appropriate to transfer the remainder of this case to the district court properly situated to entertain both claims. A separate Order accompanies this Memorandum Opinion.

*Ricardo M. Urbina*
United States District Judge

Date: 2/5/2007