UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FREDERICK BANKS,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-0309 (EGS) |
| | ) | |
| HARLEY LAPPIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss or, in the alterative, for summary judgment or for a more definite statement. The motion will be granted in part and denied in part for the reasons explained herein.

I.  BACKGROUND

*A.  Freedom of Information Act and Privacy Act Claims*

According to the complaint, plaintiff brings this action in part under the Freedom of Information ("FOIA") Act and the Privacy Act, *see* 5 U.S.C. §§ 552, 552a. Compl. at 2. It appears that plaintiff has requested records about himself that may be maintained by the Office of the President and Vice President of the United States, as well as the following federal government entities listed in the caption of the complaint: the Federal Bureau of Prisons ("BOP"), the United States Department of Justice ("DOJ"), the United States Department of the

---

[1]  An entity called "Vampire Nation" also is listed as a plaintiff in this action. *See* Compl. at 1. It is described as "a sole proprietor ship [sic] and debtor of Frederick Banks, a secured party creditor." Pl.'s Opp'n at 1. Banks argues that Vampire Nation "has standing to bring this suit because when Defendants[] inflicted damage on Banks through actions and inaction they similarly inflicted damage on Vampire Nation." *Id.*  Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record . . . or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a).  Because neither the Complaint nor plaintiff's opposition to defendants' dispositive motion bears any signature on Vampire Nation's behalf, Vampire Nation is not considered a party plaintiff.

Treasury ("Treasury"), the Transportation Security Agency ("TSA"), the Passport Office of the United States Department of State ("Passport Office"), the Library of Congress ("LOC"), the United States House of Representatives, and the United States Senate.[2]  *Id.* at 1.  Regarding his request to the BOP, plaintiff specifically seeks "information to defend himself about a pending investigation by the SIS Lt. Dodson and Lt. Allen at [FCC] Butner," presumably pertaining to the December 28, 2006 incident described below, as well as "all records concerning R. Partyka his theripist [sic]."  *Id.* at 2.  He demands "immediate release of [the] requested records."  *Id.*

### B.  Civil Rights Claims

It appears that plaintiff's civil rights claims under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 408 U.S. 388 (1971), are brought against staff at the Federal Correctional Complex in Butner, North Carolina ("FCC Butner") and stem from an incident on December 28, 2006.[3]  Plaintiff alleges that defendants Allen and Dodson "without cause or reasonable suspicion . . . placed [plaintiff] in handcuffs [and] lodged [plaintiff] into the hole to curtail his legal actions in civil and criminal matters because he was black and Indian and because of his pagan religion Thelema."  Compl. at 3.  Further, plaintiff alleges that defendants Stansberry, Harris, Green, Dodson and Allen "accused [plaintiff] of 'stalking a female staff member' to justify their unconstitutional actions" which violated his "rights to religious freedom, privacy, equal protection," and to be free from cruel and unusual punishment and from unreasonable

---

[2]  Where plaintiff names as defendants the Directors of the BOP, Treasury, and the TSA, and the Attorney General, the Court presumes that these persons are sued in their official capacities and treats the claims as if they were brought against the government directly.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (an official-capacity lawsuit is in effect against the sovereign); *accord Mason v. Judges of U.S. Court of Appeals for District of Columbia Circuit in Regular Active Service Acting in Their Official Capacities*, 952 F.2d 423, 425 (D.C. Cir. 1991) (recognizing that a suit against federal officials challenging their official actions is a suit against the United States under 28 U.S.C. § 2401(a)), *cert. denied*, 508 U.S. 829 (1992).

[3]  Plaintiff was incarcerated at FCC Butner from August 23, 2006 through February 14, 2007.  Cox Decl. ¶ 4.  From December 28, 2006 through February 14, 2007, plaintiff was confined in administrative segregation in a special housing unit ("SHU").  *Id.*

2

searches and seizures. *Id.* In addition, he alleges that defendant Lappin, BOP's Director, "authorized the activity of these liberty rogues . . . from his boardroom office in Washington[,] D.C. in accordance with his de facto policies." *Id.* at 3-4. For these alleged constitutional violations, plaintiff demands compensatory and punitive damages totaling $135,000,000,000. *Id.* at 5.

### C. False Claims Act Claim

According to plaintiff, through their alleged unconstitutional actions with regard to the December 28, 2006 incident, defendants "willfully[,] knowingly[,] intentionally, purposefully, knowingly [sic], and maliciously took and stole money from the United States from their paychecks, insurance and pensions." Compl. at 5. He demands not only "33% of their assets and income" but also "the assets of their spouses." *Id.*

### D. Defamation Claim

By subjecting plaintiff to the conditions set forth in the complaint, defendants allegedly defamed plaintiff's character and deliberately "raked [his reputation] back and forth through the mud and the gutter upon a pack of lies which was a lie by wolves within another lie." Compl. at 6. Plaintiff demands compensatory and punitive damages totaling $3,000,000. *Id.*

## II. DISCUSSION

### A. Freedom of Information Act and Privacy Act Claims

#### 1. Subject Matter Jurisdiction

Generally, the FOIA requires a federal government agency to disclose agency records unless information is protected under a recognized exemption. *See* 5 U.S.C. § 552(a)(4)(B), (b). The Privacy Act generally pertains to the maintenance, use and disclosure of information about individuals. For purposes of both Acts, the term "agency" includes:

> Any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

5 U.S.C. § 552(f)(1); 5 U.S.C. § 552a(a)(1) (incorporating 5 U.S.C. § 552(f)(1)).

Defendants argue that the Court lacks subject matter jurisdiction over plaintiff's claims against the President and Vice President of the United States and the United States Congress because these entities are not "agencies" for purposes of FOIA and the Privacy Act. Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment or for a More Definite Statement ("Defs.' Mot.") at 6-7. The Court agrees.

Although the Executive Office of the President is subject to the FOIA and the Privacy Act, the Office of the President is not an agency for purposes of the FOIA. "The President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President are not included within the term "agency" under the FOIA." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 156 (1980) (citation and internal quotation marks omitted); *see Nat'l Sec. Archive v. Archivist of the United States*, 909 F.2d 541, 545 (D.C. Cir. 1990) (concluding that FOIA does not require Counsel to the President, which is part of the Executive Office of the President, to release records under the FOIA); *Dale v. Executive Office of the President*, 164 F. Supp. 2d 22, 25-26 (D.D.C. 2001) (component of Executive Office whose sole function is to advise or assist the President is not an "agency" for purposes of the Privacy Act); *Tripp v. Executive Office of the President*, 200 F.R.D. 140, 146 (D.D.C. 2001) (dismissing Privacy Act claims against Executive Office of the President on the ground that the "Office of the President/White House Office" is not subject to the terms of the

4

Privacy Act); *Broaddrick v. Executive Office of the President*, 139 F. Supp. 2d 55, 60 (D.D.C. 2001) (holding that "inasmuch as the EOP is not an 'agency' subject to the FOIA, the EOP is not an 'agency' subject to the Privacy Act"), *aff'd*, No. 01-5178, 2002 WL 1359497 (D.C. Cir. May 1, 2002) (per curiam); *see also Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 219 F. Supp. 2d 20, 55 (D.D.C. 2002) (concluding that Vice President and his staff are not "agencies" for purposes of the FOIA). Assuming without deciding that plaintiff's "several letters to the President and Vice President" seeking "copys [sic] of all records that pertain to him about him or that mention his name," Compl. at 2, were proper requests, his FOIA and Privacy Act claims against the Offices of the President and the Vice President are dismissed.

Similarly, plaintiff's FOIA and Privacy Act claims against United States House of Representatives and the United States Senate fail, as neither is an agency as these Acts define the term. *United We Stand Am., Inc. v. Internal Revenue Serv.*, 359 F.3d 595, 597 (D.C. Cir. 2004) ("Because Congress is not an agency, congressional documents are not subject to FOIA's disclosure requirement.").

2. Exhaustion of Administrative Remedies

"Exhaustion of administrative remedies is generally required before seeking judicial review" under FOIA. *Wilbur v. Central Intelligence Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam). Exhaustion allows "the agency [] an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Id.* (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). It is not a jurisdictional requirement, *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), but instead is a prudential consideration. *Wilbur*, 355 F.3d at 677. If a requester has not exhausted his administrative remedies prior to the filing of a civil action, dismissal is

appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *Hidalgo*, 344 F.3d at 1258. Similarly, a requester must exhaust his administrative remedies on his claim for access to or amendment of agency records under the Privacy Act before filing suit in federal district court. *See, e.g., Blazy v. Tenet*, 979 F. Supp. 10, 18 (D.D.C. 1997), *aff'd*, No. 97-5330, 1998 WL 315583 (D.C. Cir. May 12, 1998) (per curiam); *Crooker v. United States Marshals Serv.*, 577 F. Supp. 1217, 1217-18 (D.D.C. 1983).

### a. FOIA Requests

Defendants establish that, after searching their databases which track FOIA requests to their respective agencies, neither the Treasury, the Passport Office, LOC nor TSA received a FOIA request from plaintiff. Gilmore Decl. ¶¶ 6-9; Peppe Decl. ¶¶ 6-9; Ramsey Decl. ¶¶ 7-8; Janet Decl. ¶¶ 3-4. Defendants further demonstrate that the BOP did not receive a FOIA request from plaintiff pertaining to the December 28, 2006 incident at FCC Butner. Cox Decl. ¶ 6.

Plaintiff counters that, "by tendering copies [of his FOIA requests] to the correctional officer at his former place of incarceration FCC Butner under the prison mailbox rule," he "filed" his FOIA requests with the agencies. Plaintiff's Reply in Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment or for a More Definite Statement ("Pl.'s Opp'n") at 1 (page numbers designated by the Court); *see* Declaration of Frederick Banks ("Pl.'s Decl.") ¶ 1. In his view, "wheither [sic] the agencies received the requests is immaterial." Pl.'s Opp'n at 1-2. In support of his argument, plaintiff submits copies of requests dated January 2, 2007 to the Justice Department's "Executive Office of the US Attornys [sic]" and the BOP, and undated requests to the Treasury, TSA, and the State Department.[4] *Id.*, Ex. (unnumbered).

---

[4]   Plaintiff does not allege in his Complaint that the EOUSA is one of the DOJ components to which he submitted a FOIA or Privacy Act request.

Federal jurisdiction over a FOIA claim is dependent upon a showing that an agency improperly withheld agency records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. at 150. It cannot be said that an agency improperly withheld records if the agency did not receive a request for those records. *See West v. Jackson*, 448 F. Supp. 2d 207, 211 (D.D.C. 2006) (requester did not state viable FOIA claim where agency did not receive a FOIA request and therefore did not withhold documents in violation of the FOIA), *aff'd*, No. 06-5281, 2007 WL 1723362 (D.C. Cir. Mar. 6, 2007) (per curiam). An agency's response is due "within twenty days . . . after the receipt of [a FOIA] request." 5 U.S.C. § 552(a)(6)(A)(I); *see Thomas v. Fed. Aviation Admin.*, No. 05-2391, 2007 WL 2020096, at *3 (D.D.C. July 12, 2007). "Without any showing that the agency received the request, the agency has no obligation to respond to it." *Hutchins v. Dep't of Justice*, No. 00-2349, 2005 WL 1334941, at *1-2 (D.D.C. June 6, 2005).

The mailing of a FOIA request to a federal government agency does not constitute its receipt by the agency. Even if plaintiff had placed his FOIA requests to the BOP, Treasury, TSA and the Passport Office in the prison mailbox, nothing in the record establishes that these agencies actually received his requests.

It appears that plaintiff's September 25, 2006 FOIA request to the LOC reached its intended destination. Plaintiff submits a copy of a written response from the LOC stating that this request "is a very broad reference request [that] does not meet the criteria for a Library record." *Id.*, Ex. (January 17, 2007 letter from R.L. Williams, Chief, Office Systems Services and Records Officer, LOC). It appears that his request to the LOC was so broad that it did not qualify as a proper request. *Id.* A proper FOIA request is one that reasonably describes the records sought and that is made in accordance with applicable agency regulations. *See* 5 U.S.C.

§ 552(a)(3)(A). Although the LOC received plaintiff's September 25, 2006 correspondence, in effect, it received no FOIA request at all. *See Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 27-28 (D.D.C. 2000) (concluding that agency need not search for records where the FOIA request did not "reasonably describe the records sought," was "unreasonably broad and impose[d] an unreasonable burden" on the agency, and where the requester "fail[ed] to state its request with sufficient particularity [and] declined the [agency's] repeated attempts clarify the request").

The Court dismisses without prejudice plaintiff's FOIA claims against the Treasury, TSA, the Passport Office, LOC, and BOP.

### b.  Privacy Act Requests

Defendants also demonstrate that BOP, the Passport Office, and TSA have no record of receipt of a Privacy Act request from plaintiff. Cox Decl. ¶ 6; Peppe Decl. ¶ 6; Janet Decl. ¶ 3. Plaintiff's argument that "he was simply required to file his requests with the agencies" by placing them in the prison mailbox, Pl.'s Opp'n at 2, has no more merit with respect to his Privacy Act claims that it has with respect to his FOIA claims. The Court grants defendants' motion with respect to plaintiff's Privacy Act claims against BOP, the Passport Office, and TSA. However, because the declarations from the Treasury and LOC do not specify whether Privacy Act requests from plaintiffs were received, *see* Gilmore Decl. ¶¶ 6-8; Ramsey Decl. ¶¶ 7-8, defendants' motion is denied in part without prejudice.

### 3.  Request to the Department of Justice

A requester submits a FOIA request to the DOJ by writing directly to the agency component that maintains those records. 28 C.F.R. § 16.3(a). Similarly, a requester submits his Privacy Act request for access to or amendment of DOJ records by writing directly to the agency

component that maintains the records. 28 C.F.R. §§ 16.41(a), 16.46(a). If a requester does not know where within the DOJ to send his request, he may send it to the FOIA/PA Mail Referral Unit, Justice Management Division, at the DOJ's Washington, DC headquarters, and the request will be forwarded to the component(s) believed most likely to have the records sought. 28 C.F.R. §§ 16.3(a), 16.41(a), 16.46(a).

Defendants argue that the claim against DOJ should be dismissed because the complaint does not comply with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. *See* Defs.' Mot. at 11-12. Specifically, defendants point to the complaint's failure to "specify[] to which [DOJ] component he directed his request," and argue that plaintiff "has not provided Defendant DOJ with adequate information to form a response and prepare a defense." *Id.* at 12. With his opposition, however, plaintiff submits a copy of a January 2, 2007 request to the Executive Office for United States Attorneys ("EOUSA") for "every document in your system of records about [plaintiff], that pertains to [plaintiff] or that mentions [his] name and [his] company Vampire Nation." Pl.'s Opp'n, Ex. (January 2, 2007 FOIA Request).

In light of plaintiff's opposition, the Court presumes that he intended to submit his FOIA and Privacy Act request to one specific DOJ component: the EOUSA. On the current record, however, the Court cannot determine whether EOUSA received plaintiff's January 2, 2007 request. If the EOUSA did not receive it, the claim is subject to dismissal on the ground that plaintiff failed to exhaust his administrative remedies before filing this civil action. For now, the claim remains viable. Defendants' motion to dismiss or for a more definite statement with regard to plaintiff's request to DOJ is denied without prejudice.

### B. Plaintiff's Constitutional Claims

#### 1. Failure to Exhaust Administrative Remedies

In relevant part, the Prison Litigation Reform Act provides that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis added). This exhaustion requirement is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002); *see Jones v. Bock*, __ U.S. __, __, 127 S.Ct. 910, 918-19 (2007). Exhaustion under the PLRA requires proper exhaustion, meaning that a prisoner must comply with procedural rules, including filing deadlines, as a precondition to filing a civil suit in federal court, regardless of the relief offered through the administrative process. *Woodford v. Ngo*, 548 U.S. 81, __, 126 S.Ct. 2378, 2384 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted the prison's administrative remedies. *Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001).

"Exhaustion is 'an affirmative defense that the defendants have the burden of pleading and proving.'" *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (quoting *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)); *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005) ("[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant."); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.) (holding that "nonexhaustion under § 1997e(a) . . . does not impose a pleading requirement," but "creates a defense [such that] defendants have the burden of raising and proving the absence of exhaustion"), *cert. denied sub nom Alameida v. Wyatt*, 540 U.S. 810 (2003); *Jackson v. District of Columbia*, 89 F. Supp. 2d

48, 56 (D.D.C. 2000) (holding that exhaustion under Section 1997e(a) is an affirmative defense), *vacated in part on other grounds*, 254 F.3d 262 (D.C. Cir. 2001).

Defendants assert that a search of BOP's SENTRY database yielded 24 administrative remedy requests filed by plaintiff as of February 9, 2007. Cox Decl. ¶ 5. None of these requests pertain to the December 28, 2006 incident alleging "discrimination by BOP staff against inmate Banks during his confinement at FCC Butner, placement in the SHU at FCC Butner, or defamatory statements by BOP staff against" plaintiff. *Id.* Plaintiff counters by stating that no administrative remedies were available to him. Pl.'s Opp'n at 4; *see* Compl. at 4. He argues that "he requested administrative remedies from the institution staff [but] [s]taff refused and did not provide Plaintiff with the remedies." Pl.'s Opp'n at 4. At this point, plaintiff asserts that it would be "virtually impossible to exhaust remedies that were not available to Plaintiff[] at the time the Complaint was filed." *Id.*

Plaintiff offers no support for his assertions that no administrative remedies were available, that he already has exhausted his administrative remedies, or that he is relieved of his obligation to do so. No prisoner is excused from completing the administrative remedy process on the ground that it is futile. *See Booth v. Churner*, 532 U.S. at 741 n.6 (finding that the Court will not "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"). Plaintiff's "belief that availing himself of those grievance procedures is futile is not a sufficient reason for bypassing portions of the administrative remedy process." *Jeanes v. United States Dep't of Justice*, 231 F. Supp. 2d 48, 51 (D.D.C. 2002).

Assuming without deciding that plaintiff alleges cognizable constitutional claims against the BOP, those claims must be dismissed for his failure to exhaust administrative remedies prior to filing this action.

## 2. Personal Jurisdiction[5]

It is plaintiff's burden to make a *prima facie* showing that this court has personal jurisdiction over a defendant. *See First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988). "Plaintiff must allege specific facts on which personal jurisdiction can be based; [he] cannot rely on conclusory allegations." *Moore v. Motz*, 437 F. Supp. 2d 88, 91 (D.D.C. 2006) (citations omitted).

Among the defendants are six individuals whom plaintiff sues in their individual capacities. Defendant Patricia Stansberry currently is the Warden of the Federal Correctional Complex in Petersburg, Virginia. Stansberry Decl. ¶ 1. Defendant John Miosi is a Tool Room Officer at FCC Butner. Miosi Decl. ¶ 1. Defendants Daniel Greene and Walter Harris are Counselors at FCC Butner. Greene Decl. ¶ 1; Harris Decl. ¶ 1. Defendants Michael Allen and Robert E. Dodson are Lieutenants at FCC Butner. Allen Decl. ¶ 1; Dodson Decl. ¶ 1. None of these individuals resides in the District of Columbia, owns real property in the District of Columbia, or maintains a place of business in the District of Columbia. Stansberry Decl. ¶¶ 2-3; Miosi Decl. ¶¶ 2-3; Greene Decl. ¶¶ 2-3; Harris Decl. ¶¶ 2-3; Allen Decl. ¶¶ 2-3; Dodson Decl. ¶¶ 2-3.

In these circumstances, the Court engages in a two-part inquiry to determine whether it may exercise personal jurisdiction over such non-resident defendants. First, the Court must determine whether jurisdiction may be exercised under the District of Columbia's long-arm statute. *See GTE New Media Servs., Inc. v. Bell South Corp.*, 199 F.3d 1343, 1347 (D.C. Cir.

---

[5] Defendants also move to dismiss the individual defendants on the ground that personal service of process has not been effected. *See* Defs.' Mot. at 20-21. Because plaintiff is proceeding *pro se* and thus relies on the Clerk of Court and the United States Marshals Service to serve summonses on his behalf, *see* 28 U.S.C. § 1915(d), the Court declines to penalize plaintiff for a deficiency in service of process, particularly where such deficiencies may be cured.

2000). Second, the Court must determine whether the exercise of personal jurisdiction satisfies due process requirements. *Id.* (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)).

The District of Columbia long-arm statute allows a court in the District of Columbia to exercise personal jurisdiction over a non-resident defendant with regard to a claim arising from the defendant's conduct in:

> (1)  transacting business in the District of Columbia;
> (2)  contracting to supply services in the District of Columbia;
> (3)  causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4)  causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. Code § 13-423(a). Plaintiff does not allege that these defendants transact any personal business or contract to supply any services in the District of Columbia. Although persistent conduct undertaken in a person's individual capacity may constitute the transaction of business for purposes of the D.C. long-arm statute, *see Pollack v. Meese*, 737 F. Supp. 663, 666 (D.D.C. 1990), the complaint sets forth no allegations that this defendant has any personal connection with the District of Columbia other than their federal employment. The mere fact that these defendants are employees of the BOP, the headquarters office of which is in the District of Columbia, does not render the subject to suit in their individual capacities in the District of Columbia. *See Stafford v. Briggs*, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity). Nor can plaintiff make his *prima facie* showing by alleging that "faxes and communications to other agents in and around DC," or that "E-mails on

the bog.gov [sic] server to and from different government agencies and officials," Pl.'s Opp'n at 4, establish sufficient contacts with this forum. *See FC Inv. Group LC v. IFX Markets, Ltd.*, 479 F. Supp. 2d 30, 39 (D.D.C. 2007) (concluding that "defendant's 'regular' phone calls into the District of Columbia from elsewhere do not constitute 'transacting business' in the District of Columbia").

Finally, the complaint alleges no facts that establish that plaintiff suffered any injury in the District of Columbia. The actual injuries of which plaintiff complains occurred in North Carolina while he was incarcerated at FCC Butner. Regardless of whether these defendants acted in or outside of the District of Columbia, plaintiff suffered no injury here. For these reasons, the Court concludes that it lacks personal jurisdiction over defendants Stansberry, Miosi, Greene, Harris, Allen and Dodson. The Court will grant defendants' motion to dismiss for lack of personal jurisdiction. *See, e.g., Moore v. Motz*, 437 F. Supp. 2d at 93 (dismissing non-resident defendants for lack of personal jurisdiction where there were no allegations that defendants transacted any business in the District of Columbia or that plaintiff suffered any tortious injury here); *Rogers v. Washington Fairmont Hotel*, 404 F. Supp. 2d 56, 57-58 (D.D.C. 2005) (dismissing individual defendant based in Canada for lack of personal jurisdiction absent allegations actually placing her within the reach of the D.C. long-arm statute).

### 3. Defendant Lappin's Liability

Plaintiff names Harley Lappin, BOP's Director, in his individual capacity as a defendant to this action. *See* Compl. (caption). According to plaintiff, defendant Lappin "authorized the activity" of defendants Allen and Dodson with respect to the December 28, 2006 incident at FCC Butner. Compl. at 4. Plaintiff alleges that Lappin "had personal contact with Defendants through their use of the e-mails and fax and telephone communications and was thereby

involved in the personal running of the ship." Pl.'s Opp'n at 5.

Defendants correctly argue, *see* Defs.' Mot. at 21-23, that defendant Lappin as a supervisor cannot be held liable personally for the alleged unconstitutional acts of his subordinates. *See, e.g., Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993); *Arnold v. Moore*, 980 F. Supp. 28, 35-36 (D.D.C. 1997) (citing *Haynesworth v. Miller*, 820 F.2d 1245, 1259 (D.C. Cir. 1987)) (holding that high level public officials are not employers of their subordinates; rather, they are fellow government servants, and cannot be held liable on the basis of *respondeat superior*). Here, however, plaintiff alleges that defendant Lappin was involved in the alleged incident directly "as a doer of deceit himself." Pl.'s Opp'n at 5; *see* Compl. at 3-4. These allegations are sufficient to withstand defendants' motion to dismiss on this ground.

### C. Defamation Claim

The individual defendants against whom plaintiff makes this defamation claim are employees of the BOP. Defendants submit a Certification that they "were acting within the scope of their employment as employees of the United States at the time of the alleged incidents." Defs.' Mot., Attach. (Certification of R. Contreras, Chief, Civil Division, Office of the United States Attorney for the District of Columbia). Where a federal employee is sued in tort arising from an action taken in his official capacity, the claim proceeds against the United States itself. *See* 28 U.S.C. § 2679(d)(1). The Court will grant defendants' motion to substitute the United States as the party defendant to this defamation claim.

Generally, the Federal Tort Claims Act ("FTCA") provides that the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674(a). It operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. *See,*

15

*e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff's FTCA claim fails for two reasons.

In order to maintain a suit under the FTCA, a claimant must present his claim to the appropriate federal agency prior to filing a civil action in a federal district court. *McNeil v. United States*, 508 U.S. 106, 113 (1993); 28 U.S.C. § 2675(a) (requiring claimant to present claim "for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . to the appropriate Federal agency" from which written notice of the denial of the claim has been forwarded to the claimant before suit may be filed). Here, plaintiff does not allege that he filed an administrative claim to the BOP, *see* Compl., and defendant establishes that the BOP has received no such claim. Cox Decl. ¶ 7. Even if plaintiff had exhausted his administrative remedies, the United States has not waived its sovereign immunity with respect to "any claim arising out of . . . libel [or] slander." 28 U.S.C. § 2680(h).

Plaintiff's defamation claim is barred, and the Court grants summary judgment for defendants on plaintiff's defamation claim.

### D. False Claims Act Claim

"To establish a prima facie case under the False Claims Act[,] a plaintiff must prove: (1) the defendant presented or caused to be presented to an agent of the United States a claim for payment; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent." *Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 182 (3d Cir. 2001) (citations omitted), *cert. denied*, 536 U.S. 906 (2002). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants move to dismiss plaintiff's False Claims Act claim on the ground

that the complaint fails to allege facts sufficient to satisfy the elements of a *prima facie* case. Defs.' Mot. at 27.  Defendants' motion must be denied, as a plaintiff need not allege the elements of a *prima facie* case in order to survive a Rule 12(b)(6) motion.  *See United States ex rel. Harris v. Bernad,* 275 F. Supp. 2d 1, 5-6 (D.D.C. 2003) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002) (holding that a plaintiff in an employment discrimination case need not establish her prima-facie case in the complaint)).

III.  CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over plaintiff's FOIA and Privacy Act claims against the Office of the President and the Vice President, the United States Senate, and the United States House of Representatives because these entities are not "agencies" for purposes of FOIA and the Privacy Act.  These claims are dismissed with prejudice. Plaintiff failed to exhaust administrative remedies as to his FOIA claims against the Treasury, the Passport Office, LOC, TSA and BOP, and as to his Privacy Act claims against the Passport Office, TSA, and BOP, and these claims are dismissed without prejudice.  In addition, plaintiff's claims against BOP are dismissed because plaintiff failed to exhaust administrative remedies as required under the Prison Litigation Reform Act.  This Court lacks personal jurisdiction over defendants Stansberry, Miosi, Greene, Harris, Allen and Dodson in their individual capacities, and plaintiff's *Bivens* claims against them are dismissed without prejudice.  Plaintiff's *Bivens* claim against defendant Lappin in his individual capacity survives this motion to dismiss, as does plaintiff's False Claims Act claim.  The United States is substituted as the party defendant with respect to plaintiff's defamation claim under the FTCA , and the defamation claim against the United States is dismissed with prejudice for lack of subject matter jurisdiction.

Defendants are ordered to file a renewed motion on the following claims: (1) Privacy Act

claims against the Treasury and LOC, (2) FOIA and Privacy Act claims against the DOJ, (3) *Bivens* claim against defendant Lappin in his individual capacity, and (4) False Claims Act claim.

Signed:     EMMET G. SULLIVAN
            United States District Judge

Dated:      March 22, 2008