# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FREDERICK BANKS,<br><br>                    Plaintiff,<br><br>          v.<br><br>HARLEY LAPPIN, et al.,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)          Civil Action No. 07-0309 (EGS)<br>)<br>)<br>)<br>) |

## DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Defendants[1] hereby move for summary judgment in this action because there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law.  The Court is respectfully referred to the accompanying memorandum and to the statement of material facts accompanying this motion.

Respectfully submitted,

                  /s/
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney

                  /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

---

[1]        As identified in the Complaint, the Defendants are: the Federal Bureau of Prisons, Attorney General Alberto Gonzales, the President and Vice President of the United States, the Senate, the House of Representatives, Senator Charles Schumer, Henry Paulson, Treasurer of the United States, the Library of Congress, the United States Passport Office, the Transportation Security Agency, Harley Lappin, Director of the Federal Bureau of Prisons, Patricia Stansbury, John Miosi, Daniel Greene, Walter Harris, Michael Allen, and Robert Dodson.

_____/s/_____
CHRISTIAN NATIELLO, D.C. BAR #473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room #4112
Washington, D.C.  20530
(202) 307-0338

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ———————————————————— ) | |
| FREDERICK BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 07-0309 (EGS) |
| HARLEY LAPPIN, et al., ) | |
| ) | |
| Defendant. ) | |
| ———————————————————— ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
### DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

### BACKGROUND

On August 7, 2007, Defendants filed a motion to dismiss all of Plaintiff's Freedom of

Information Act ("FOIA"), Privacy Act, Civil Rights, False Claims Act, and Defamation claims.

On March 22, 2008, the Court issued a memorandum opinion dismissing most of Plaintiff's

claims. The Court ordered Defendants to file a renewed motion for summary judgment to tie up

some loose ends from Defendants' original Motion to Dismiss. Defendants herein file their

renewed Motion to Dismiss.

### ARGUMENT

**I.      Standard of Review**.

         A.      Summary Judgment Standard

Where no genuine dispute exists as to any material fact, summary judgment is required.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one

that would change the outcome of the litigation. *Id.* at 247. "The burden on the moving party

may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of

evidence to support the non-moving party's case." <u>Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.</u>, 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment here, the Plaintiff (as the non-moving party) must present some objective evidence that would enable the Court to find he is entitled to relief. In <u>Celotex Corp. v. Catrett</u>, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986). In <u>Anderson</u> the Supreme Court further explained that "the mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." <u>Anderson</u>, 477 U.S. at 252; <u>see also</u> <u>Laningham v. Navy</u>, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).

In <u>Celotex</u>, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment. <u>See</u> <u>Cappabianca v. Commissioner, U.S. Customs Serv.</u>, 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing <u>Miscavige</u>

2

v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure.  Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

B.    FOIA Summary Judgment Standard

In a FOIA/PA action, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law."  Washington Post Co. v. U.S. Dept. Of Health and Human Services, 286 F.2d 320, 325 (D.C. Cir. 1989).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the Plaintiff with affidavits or declarations and other evidence which show that the documents in question were produced or are exempt from disclosure.  Hayden v. NSA, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir. 1980); Trans Union LLC v. FTC, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe 'the documents and the justifications for non-disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'") (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)).  See also Public Citizen, Inc. v. Dept. of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000), aff'd in part, rev'd in part, 276 F.3d 634 (D.C. Cir. 2002).

**II**.     Plaintiff's Remaining Claims

The Court's Memorandum Opinion of March 22nd, 2008, leaves Plaintiff with five claims that were not dismissed by summary judgment.  Plaintiff's Privacy Act requests to the Department of the Treasury ("Treasury") and the Library of Congress ("LoC") were not dismissed because the declarations from both entities did not specify whether the entities received any Privacy Act requests from Plaintiff.  Plaintiff's claim concerning his request to the Executive Office for United States Attorneys ("EOUSA") was not dismissed because it was unknown to the Court whether or not the EOUSA received Plaintiff's January 2, 2007 request.  Plaintiff's claim against Harley Lappin, the Director of the Bureau of Prisons ("BOP"), was not dismissed because Plaintiff alleged that Mr. Lappin was involved in Plaintiff's case "as a doer of deceit himself." See Memorandum Opinion at 15.  Finally, Plaintiff's claim under the False Claims Act also survived Defendants' motion for summary judgment because counter to what Defendants argued in their original Motion to Dismiss, Plaintiff does not need to allege the elements of a *prima facie* case in order to survive a Rule 12(b)(6) motion.

Defendants submit this renewed motion for summary judgment, pursuant to the Court's order, to remedy the insufficiencies of their previous Motion to Dismiss.  Plaintiff's remaining claims should be dismissed for the reasons that follow.

> A. Plaintiff's Privacy Act Claim Against The Treasury Department Should Be
>    Dismissed Because Plaintiff Failed To Exhaust His Administrative Remedies.

In the declaration that Hugh Gilmore submitted as an attachment to Defendants' original motion for summary judgment, he declared that the Treasury did not have a record of any requests from Plaintiff.  While his declaration seemingly applied only to a search for a FOIA request by Plaintiff, it applied equally to Privacy Act requests–any search in the Treasury's system for

4

Plaintiff or "Vampire Nation" would cover both FOIA and Privacy Act requests.  See Amended

Declaration of Hugh Gilmore at ¶ 8, attached as Exhibit A.  Nonetheless, Mr. Gilmore hereby

submits another declaration, this time explicitly stating that the Treasury received no Privacy Act

request from Plaintiff.  See Amended Declaration of Hugh Gilmore.  As such, Plaintiff failed to

exhaust his administrative remedies with regard to this claim and thus this claim should be

dismissed.  Crooker v. United States Marshals Serv., 577 F.Supp. 1217, 1217-18 (D.D.C. 1983).

> **B.  Plaintiff's Privacy Act Claim Against The Library of Congress Should Be
> Dismissed Because Plaintiff Failed To Exhaust His Administrative Remedies.**

The Library of Congress, as it asserts in the attached declaration of Linda Fernandezlopez,

did not receive any requests from Plaintiff with regard to the Privacy Act.  See Declaration of

Linda Fernandezlopez, attached as Exhibit B.  As such, Plaintiff failed to exhaust his

administrative remedies and this claim should be dismissed.  Crooker, 577 F.Supp. 1217, 1217-

18 (D.D.C. 1983).

> **C.  Plaintiff's FOIA and Privacy Claims Against The EOUSA Should Be
> Dismissed Because Plaintiff Failed To Exhaust His Administrative Remedies.**

As the attached declaration of John Boseker makes clear, the EOUSA did not receive

any requests–either FOIA or Privacy Act–from Plaintiff in 2007.  See Declaration of John

Boseker, attached as Exhibit C.  As such, Plaintiff has failed to exhaust his administrative

remedies with regard to this claim and this claim should be dismissed.  Hidalgo v. Fed. Bureau of

Investigation, 344 F.3d 1256, 1258 (D.C. Cir. 2003); Crooker, 577 F.Supp. 1217, 1217-18

(D.D.C. 1983).

D. Plaintiff's <u>Bivens</u> Claim Against Defendant Lappin Should Be Dismissed For Failure to Exhaust Administrative Remedies.

Plaintiff asserts a constitutional cause of action against Defendant Harley Lappin, Director of the Federal Bureau of Prisons, pursuant to the doctrine announced in <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Specifically, Plaintiff alleges that on December 28, 2006, while confined at the Federal Correctional Complex in Butner, North Carolina, two BOP employees handcuffed and placed him in a special housing unit ("SHU") without just cause, with discriminatory intent, and for the purpose of restricting his religious practice and access to the courts. Plaintiff alleges that Defendant Lappin had personal, direct contact with such employees and authorized their activity.

In response to Plaintiff's <u>Bivens</u> allegations, the individual Defendants, including Defendant Lappin, filed a motion to dismiss Plaintiff's claims or, in the alternative, sought summary judgment on their behalf. In the memorandum in support of that motion, Defendants argued, in part, that Plaintiff's <u>Bivens</u> claims must be dismissed in their entirety due to Plaintiff's failure to exhaust his statutorily-mandated administrative remedies. <u>See</u> Defendants' Original Memorandum, pp. 12-15 and Cox Declaration attached thereto. The Court agreed with Defendants' argument and held that Plaintiff had failed to exhaust his administrative remedies with regard to the aforementioned <u>Bivens</u> claims. The court thereafter held that "those claims must be dismissed for [Plaintiff's] failure to exhaust his administrative remedies prior to filing this action." <u>See</u> Order dated March 22, 2008, pp. 9-11.

The Court, however, did not dismiss Defendant Lappin, in his individual capacity, from Plaintiff's <u>Bivens</u> action. On page 17 of the Court's Memorandum Opinion, the Court stated that "Plaintiff's <u>Bivens</u> claim against defendant Lappin in his individual capacity survives." <u>See</u>

6

Order at 17.  However, due to Plaintiff's failure to exhaust his administrative remedies with regard to the claims asserted against all individual Defendants, *including Defendant Lappin*, Defendant Lappin, in his individual capacity, also must be dismissed from this <u>Bivens</u> action.  As part of the Court's decision was to dismiss the <u>Bivens</u> claims for failure to exhaust administrative remedies, it follows that claims against Defendant Lappin also should be dismissed.  Hence, Defendant Lappin respectfully requests that the claim against him be dismissed, if not for reasons of *respondeat superior*, then because Plaintiff failed to exhaust administrative remedies with regard to this claim.

In any event, Defendant Lappin would be protected by qualified immunity.  Plaintiff plead no facts involving Defendant Lappin as the Supreme Court requires.  <u>See</u> <u>Bell Atlantic Corp. v. Twombley</u>, 127 S.Ct. 1955, 1965 (2007) (to survive a motion to dismiss, a complaint must contain "more than labels and [legal] conclusions" and must "raise a reasonable expectation that discovery will reveal evidence" that the defendant engaged in unlawful conduct").  Here, the "labels and conclusions" fail to adequately plead a violation of clearly established constitutional rights.

### E.  Plaintiff's False Claims Act Claim Must Fail Because No Justiciable Case or Controversy Exists.

Plaintiff's False Claims Act claim must fail because the False Claims Act is intended to be a way for the Government to sue "any person" who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government...a false or fraudulent claim for payment or approval."  31 U.S.C. §3729(a)(1).  While a private individual–called a relator–may join the Government in the suit, it is, for all practical purposes, the Government's suit.  The False Claims Act does not allow for a private citizen to sue the government on his own

accord.

Suits to collect damages under the False Claims Act may be brought by the Department of Justice.  Id. at §3730(a).  Alternatively, a private relator, may bring a qui tam action "for the person and for the United States Government," and such an action "shall be brought in the name of the Government."  Id. at §3730(b)(1).  The False Claims Act provides the Government with the opportunity to intervene in a qui tam suit "within 60 days after it receives both the complaint and the material evidence and information" (id. at §3730(b)(2)), in which event the Government "shall have the primary responsibility for prosecuting the action, and shall not be bound by an act of the person bringing the action."  Id. at §3730(c)(1).  If the Government declines to take over the case, "the person bringing the action shall have the right to conduct the action."  Id. at §3730(b)(4)(B).  The Government, however, retains important powers of control over the suit even when it declines to take it over; a qui tam action cannot be settled and dismissed by the relator without the written consent of the Attorney General, and the Government can intervene later in the case and dismiss it even over the relator's opposition if the suit is against the interests of the United States.  See id. at §3730(c)(2)(A); Sequoia Orange Co. v. Baird-Neece Packing Corp., 151 F.3d 1139, 1143-45 (9th Cir. 1998), cert. denied, 525 U.S. 1067 (1999).

Under Article III of the Constitution, a justiciable case requires the presence of two adverse parties independent of one another; that requirement is not met when a court is faced with rendering a judgment in favor of a party against itself.  See United States v. Interstate Commerce Commission, 337 U.S. 426, 430 (1949).  Of great significance here, if one party controls the other, or if both parties are subject to control by the same dominus litis (master of the suit), the requisite constitutional adversity is absent and "adjudication must be refused."  Gould v. Control Laser Corp., 866 F.2d 1391, 1393-1394 (Fed. Cir. 1989); South Spring Hill Gold Mining Co. v.

8

<u>Amador Medean Gold Mining Co.</u>, 145 U.S. 300, 301 (1892) (no justiciable controversy exists where the same person is "the dominus litis on both sides").  For purposes of this jurisdictional rule, "[a]ctual control...is not necessary"; "rather, the ability to control suffices."  <u>Gould</u>, 866 F.2d at 1394.

Here, the Department of Justice may not validly sue the Bureau of Prisons, because doing so would place the Executive on both sides of the case.  This constitutional problem obviously cannot be evaded through the simple expedient of assigning the case instead to a relator to prosecute.

Moreover, it is well-settled that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text."  <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996).  Absent consent for suit, then, the district court lacks jurisdiction to consider Plaintiff's claim.  <u>See</u> <u>Galvan v. Federal Prison Industries Inc.</u>, 199 F.3d 461, 468 (D.D.C. 1999) (holding that the defendant "enjoyed an unwaived sovereignty immunity").  In the present case, Plaintiff has not pointed to any statute waiving sovereign immunity and consenting to suit against employees of the BOP.  Plaintiff's False Claims Act claim therefore fails as a matter of law.[2]

---

[2]    Moreover, Plaintiff's False Claim Act claims must fail because a *pro se* party cannot serve as a relator.  <u>See</u> <u>Bell v. Persons Acting as "United States Parole Commission</u>, 2008 U.S. Dist. LEXIS 29366 (D.D.C. March 25, 2008).  Plaintiff also failed to follow the "special pleading rules" for *qui tam* actions brought under the False Claims Act.  <u>See</u> <u>Nattah v. Bush</u>, 2008 U.S. Dist. LEXIS 26326, *40 (D.D.C. March 31, 2008).

**<u>CONCLUSION</u>**

In summary, Plaintiffs remaining claims fail because he failed to exhaust his administrative remedies with regard to his FOIA, Privacy Act claims and <u>Bivens</u> claims. Moreover, plaintiff cannot bring a False Claims Act claim against the government.

WHEREFORE, the United States Department of Justice requests that this Renewed Motion for Summary Judgment be granted and that Plaintiff's Complaint be dismissed.

Dated April 22, 2008.

Respectfully submitted,


\_\_\_\_\_/s/_____
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney


\_\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


\_\_\_\_\_/s/_____
CHRISTIAN A. NATIELLO D.C. BAR # 473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C.  20530
(202) 307-0338

11

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April, 2008, I caused the foregoing Defendants'

Renewed Motion For Summary Judgment to be served on Plaintiffs via first class mail, postage

prepaid at:

Frederick Banks
#05711-068
P.O. Box 999
Butner, N.C.  27509

Vampire Nation
613 Cross Street
East McKeesport, PA 15305

    \_\_\_/s/_____

CHRISTIAN NATIELLO, D.C. Bar #473960
Assistant U.S. Attorney

555 Fourth St., N.W.

Room E4112
Washington, D.C. 20530
(202) 307-0338
christian.natiello@usdoj.gov

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREDERICK BANKS,                        )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )
                                        )   Civil Action No. 07-0309 (EGS)
HARRY LAPPIN, *et .al.*,                )
                                        )
        Defendant.                      )
                                        )

## AMENDED DECLARATION OF HUGH GILMORE

Pursuant to 28 U.S.C. § 1746, I, Hugh Gilmore, declare the following to be a true and correct statement of facts:

1.    I am the Freedom of Information Act ("FOIA") Director for the U.S. Department of the Treasury ("Treasury") and have held that position since May 2006. Prior to my current position, I worked for five years at the U.S. Department of Agriculture, Animal and Plant Health Inspection Service as a Supervisory FOIA Program Analyst and was a FOIA Program Analyst for eleven years at the Office of Thrift Supervision, a bureau of Treasury. I am also a member of the Massachusetts Bar.

2.    In my capacity as the FOIA Director, I am responsible for Treasury's efforts with regard to FOIA. I am familiar with Treasury's procedures for processing FOIA and Privacy Act requests generally as well as Treasury's FOIA processing manual and its FOIA regulations.

### Frederick Banks' FOIA and Privacy Act Request

3.    I was first made aware of Mr. Frederick Banks' FOIA and Privacy Act request on June 12, 2007 when the United States Attorney's office, U.S. Department of Justice, faxed to me

Mr. Banks' lawsuit. Upon receipt of the lawsuit, I forwarded an electronic copy to Tom McGivern of the Office of General Counsel at the Department of Treasury.

4.      Upon review of the lawsuit, I determined that the FOIA and Privacy Act request would need to be located in order to determine the nature of the plaintiff's allegations in the lawsuit.

5.      In my office, upon receipt of a FOIA and Privacy Act request, an electronic record is created by entering relevant information from the request into a tracking database. This process allows my office to maintain an electronic record of all FOIA and Privacy Act requests.

6.      I searched the tracking database for information under the name of the plaintiff as well as the organization, "Vampire Nation." I also searched derivations of both his name and that organization. A search of his name would also include a request made under the Privacy Act since such requests are also treated as FOIA requests. The search found no record of Mr. Banks' FOIA or Privacy Act requests.

7.      I also solicited the FOIA contacts from the various bureaus of Treasury[1] to ascertain whether they had received the request directly from the plaintiff without forwarding the request to my office. A copy of the lawsuit was forwarded electronically to each bureau contact.

8.      All of the respective bureau FOIA contacts searched the name and organization fields of their respective databases to determine if any respective corresponding fields matched the plaintiff's name or the organization mentioned in the complaint. Such searches by name would include a search under the Privacy Act since such requests are treated as FOIA request. No records were found of Mr. Banks' FOIA or Privacy Act request at the bureaus.

---

[1] Treasury has bureaus within the Department, such as the Internal Revenue Service.

2

9.    Based on this information, my determination is that Treasury is unable to locate a

FOIA or Privacy Act request from the plaintiff or from the organization mentioned in his

complaint.

***

I declare under penalty of perjury that the matters set forth in this Declaration are within my official purview and are correct and true to the best of my information, knowledge, and belief.

Executed this ___16th___ day of April, 2008.

Hugh Gilmore
Director
Disclosure Services
U.S. Department of the Treasury

4

Exhibit B

`

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FREDERICK BANKS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE No. 07-309 (EGS) |
| | ) | |
| HARLEY LAPPIN, et. al | ) | |
| | ) | |
| Defendants | ) | |

## DECLARATION

I, Linda Fernandezlopez, declare under penalty of perjury as follows:

1.  I am employed by the Library of Congress (Library) as the Supervisory Management Analysis Officer at 101 Independence Avenue, Washington, DC 20540.

2.  One of my collateral duties is to process all requests pursuant to the Privacy Act of 1974 (Privacy Act) filed at the Library.

3.  The Library is not covered under the Privacy Act, but follows the spirit of the Privacy Act pursuant to Library of Congress Regulation 1917-3, <u>Availability of Library of Congress Records,</u> and responds to all Freedom of Information Act and Privacy Act requests under this regulation.

4.  The Records Management Section (RMS) of the Office Systems Services Division responds to all Privacy Act requests received at the Library.

5.  RMS logs each request into a database and assigns a unique identifying number. Each request is recorded with the following data/information fields: name, address, date of request, date request is logged, comments for specifics of request, date of response, comments for type and contents of response, and money collected (photocopying fees).

6.  Original hard-copies of requests, along with the response letters, also are cross referenced to the database, filed, and stored.

7.  I personally conducted a search for any Privacy Act request by Frederick Banks at the Library of Congress from the beginning of calendar year 2007 to the present.

8.  My search for requests from Frederick Banks proved negative, leading me to conclude

that he did not file a Privacy Act request for records from the Library during that time period.

I declare under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

_____
Linda Fernandezlopez

_04/04/08_____
Date

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREDERICK H. BANKS,        )
                              )
                              )
              Plaintiff,    )
       v.                   )    Civ. No. 07-0309 (EGS)
                              )
HARLEY LAPPIN,         )
          et al.,          )
              Defendants.   )
                              )

## DECLARATION OF JOHN F. BOSEKER

I, John F. Boseker, declare the following to be a true and correct statement of facts:

1)     I am an Attorney Advisor in the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I am specifically assigned to the component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C.§552a(1988).

2)     Due to the nature of my official duties, I am personally familiar with the FOIA/PA requests made to EOUSA by Mr. Banks in the past, or lack thereof, which has formed the bases for prior litigation and constitutes an unresolved issue in the above-captioned action. This declaration will address the Court's expressed concern in its March 24, 2008 Memorandum Opinion (see, pages 8-9), which seeks to ascertain whether EOUSA received a request from Mr. Banks dated January 2, 2007. The purpose of this declaration is to address that issue.

3)     My official duties include: having the authority to make final disclosure determinations on records requested by an individual using the FOIA/PA, to assure compliance with the provisions of the FOIA and PA and DOJ Regulation 28 CFR§16.3 et seq., and §16.40 et

seq., as well as to defend EOUSA's position in litigating challenges to EOUSA's actions.

4)    My official duties also include: acting as liaison between EOUSA and the components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought from EOUSA and /or the 94 U.S. Attorneys offices ("USAO's"); reviewing request-related correspondence; reviewing searches performed in response to requests; and reviewing responses made to those requests.

5)    The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

6)    On March 17, 2008, and in another FOIA case involving Frederick Banks, the United States District Court for the District of Columbia issued an Order and Memorandum Opinion in *Frederick Banks v. Department of Justice, et al., Civil Action No. 06-1950 (EGS)*. In that case, EOUSA was granted its Motion for Summary Judgment. Mr. Banks' complaint in that case was dismissed because he had refused to pay properly aggregated fees of $168.00 for FOIA requests made in 2005, and was therefore deemed to have failed to exhaust his administrative remedies. (See, e.g., Memorandum Opinion, 3/17/08, pages 11-12).

7)    Upon receipt of the Memorandum Opinion in the present case, I researched our computer system under the name of Frederick Banks and "Vampire Nation" to see if any requests other than those subsumed within the litigation referenced in Paragraph 6 could be located. The result of my search is attached hereto as **Exhibit A**: EOUSA received no request from Mr. Banks – whether FOIA or Privacy Act – other than those dealt with from 2005 in the action referred to in paragraph 6 above.

8)    It should be noted that under the circumstances set forth in Paragraph 6 and the

holding of the Court concerning unpaid and as yet outstanding fees, EOUSA would not act upon

any request Mr. Banks might send hereafter based upon his refusal to pay fees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _April 9_____, 2008.


JOHN F. BOSEKER
Senior Attorney Advisor, EOUSA

FOIA - QREC RECORD SEARCH SCREEN

Action  Query  Help  Window

EOUSA

### Record Search Screen

| Last Name | First Name | Mid | Eousa | Num | Address | Subject | Stat | Recd Staff | Date | Dst | Hours Spent | Page Count |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BANKS | FREDERICK | IL | 2005 | 60 | DOC #128759 | VAMPIRE NATION, ETC (1TE8 | CLS | RBP | 04-jun-2005 | | | |
| BANKS | FREDERICK | IL | 2005 | 61 | DOC #128753 | SELF/PAW | CLS | PR | 04-jan-2005 | PAW | | |
| BANKS | FREDERICK | IL | 2005 | 62 | 05711-068 | SELF/ODC | CLS | JFB | 04-jan-2005 | | | |
| BANKS | FREDERICK | IL | 2005 | 63 | DOC #128755 | SELF/OHN | CLS | UM | 04-jun-2005 | OHN | | |
| BANKS | FREDERICK | IL | 2005 | 64 | DOC #128758 | SELF/DCO | CLS | PR | 04-jun-2005 | CO | | |
| BANKS | FREDERICK | IL | 2005 | 65 | DOC #128768 | SELF/CAE | CLS | PR | 04-jun-2005 | CAE | | |
| BANKS | FREDERICK | IL | 2005 | 66 | DOCS 128759 | SELF/FLM | CLS | PR | 04-jun-2005 | FLM | | |
| BANKS | FREDERICK | IL | 2005 | 1622 | 05711-068 | VAMPIRE NATION, ETC (1TE8 | CLS | PR | 13-apr-2005 | PAW | | |
| BANKS | FREDERICK | IL | 2005 | 1623 | 05711-066 | VAMPIRE NATION, ETC (1TE8 | CLS | JFB | 13-apr-2005 | | | |
| BANKS | FREDERICK | IL | 2005 | 1624 | DOC #128756 | VAMPIRE NATION, ETC (1TE8 | CLS | PR | 13-apr-2005 | OHN | | |
| BANKS | FREDERICK | IL | 2005 | 1625 | DOC #128758 | VAMPIRE NATION, ETC (1TE8 | CLS | PR | 13-apr-2005 | CO | | |
| BANKS | FREDERICK | IL | 2005 | 1626 | DOC #128759 | VAMPIRE NATION, ETC (1TE8 | CLS | PR | 13-apr-2005 | CAE | | |
| BANKS | FREDERICK | IL | 2005 | 1627 | DOC #128758 | VAMPIRE NATION, ETC (1TE8 | CLS | PR | 13-apr-2005 | FLM | | |
| BANKS | FREDERICK | HAMI | 2005 | 1031 | R | DOC #128759 | SELF | CLS | PR | 28-jun-2005 | | | |
| BANKS | FREDERICK | | | | | | CLS | | | | | |

FTM 41701  You cannot create records here.


GOVERNMENT EXHIBIT