UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAY 27 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FREDERICK BANKS,
    Plaintiff,
v.
HARLEY LAPPIN, et al.,
    Defendant.

Civil Action No. 07-0309 (EGS)

**PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT; AND RENEWED CROSS MOTION FOR SUMMARY JUDGMENT**

Plaintiff hereby opposes Defendants' renewed motion for summary judgment in this action because there are genuine issues as to material facts and the Defendants are not entitled to judgment as a matter of law. Plaintiff Frederick Banks moves for summary judgment because he is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56 and represents as follows:

I. Standard of Review

    A. Summary Judgment Standard

Only "once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment." Cappabianca v. Commissioner, U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla 1994) (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)). Here, none of the documents at issue has been identified nor has their contents and therefore defendants' motion for summary judgment is premature. Moreover, the claims against Harley Lappin are not FOIA claims and thus in this context summary judgment is not necessarily the best avenue to decide this case.

II. Plaintiff's Remaining Claims

    A. Plaintiff's Privacy Act Claim against The Treasury Department should not be dismissed because Plaintiff has exhausted his administrative remedies.

    In this case Banks forwarded Privacy Act requests to The Treasury Department of Commerce who responded to the request, denied the request and Banks appealed. The Court should order Hugh Gilmore to perform another search before it dismisses these claims. Since the Treasury Department received Banks' request, Banks' administrative remedies

1

are exhausted.

B. Plaintiff's Privacy Act Claims Against The Library of Congress May not be Dismissed Because Banks Exhausted his administrative Remedies

The request that Banks sent to the Library of Congress and that the reply letter was attached to his previous response filed in this case was also a Privacy Act request and therefore Banks exhausted administrative remedies as to this request, as such this claim may not be dismissed.

C. Plaintiff's FOIA and Privacy Claims against the EOUSA cannot be dismissed Because the government left Banks insolvent and Banks moved the Court to Cover the Fees related to this request.

Banks in this case moved the Court for an order advancing the fees by the United States which Banks would ultimately be responsible for, Since this motion is still pending and a favorable outcome for Banks would moot the Defendant's right's to relief on this claim the Court should deny the Defendant's and not dismiss this claim at the present time.

D. Plaintiff's Bivens Claim Against Defendant Lappin may not be dismissed for Failure to Exhaust Administrative Remedies

In their renewed Motion as to this claim Defendants did not comply with Fed. R. Civ. Proc 56 and the local rules and did not submit any affidavit or evidence showing that Banks did not exhaust administrative remedies on this claim. However, Banks did in fact exhaust his available remedies on this claim because at the direction of Lappin Banks former Counselors while, case manager Curry, Warden Reese etc. where advised to not provide Banks with any remedy forms when he requested them to exhaust on this claim. These requests were made in 2007 before this action was filed. When Lappin and his subordinants refused to provide Banks with administrative remedies to exhaust on the Bivens Claim against Lappin Banks's administrative remedies were deemed exhausted Because all available remedies were exhausted.

In this case Lappin would not be protected by qualified immunity because Banks sufficiently alleged that Lappin worked hands on along with the other Defendants as a "door of deceit himself." Banks also specifically alleged the communication between Lappin and the Defenden and unlawful Conduct to state a claim for relief or at the very least to flesh out a claim in an Amended Complaint or once discovery is received. This is no fly by night lawsuit Lappin p

2

touched down on Mississippi soil at FCC Yazoo City to damage Banks, discovery would reveal details of Lappin's activity in Washington DC and Yazoo City Mississippi and further detail the claim. Actions by Lappin which were much "more than labels and conclusions" and would show the defendant engaged in unlawful conduct. Bell Atlantic Corp v. Twombley, 127 S.Ct. 1955, 1965 (2007)

  E. Plaintiff's False Claims Act Claim Must Stand Because a Justiciable Case and Controversy Exists.

  In this case the government did not intervene or dismiss the suit even though it knew the suit was brought under the False Claims Act. Since the government decided not to intervene in this suit Banks may prosecute the suit under § 3730(b). The defendants state that "the Department of Justice may not validly sue the Bureau of Prisons, because doing so would place the Executive on both sides of the case." Obviously this claim is without merit because it is Banks suing the BOP not the Justice department and the United States may sue one of its agents to curtail unlawful behavior. Indeed the government aka Department of Justice has even found a way to Indict and bring suit against it's own US attorneys.

  Moreover under 31 USC § 3724 the Attorney General may settle Banks claim for up to $50,000. Since this claim at the least can be settled under this section Banks can sue to recover damages. Defendant's waived their "special pleading rules" argument when they did not appear under 28 USC § 1330(c) to challenge the jurisdiction of the Court and did not otherwise raise this defense in their previous reply. Not only is Banks a Lawyer and one who is qualified to act as a relator he also has moved and hereby moves for counsel to represent him in this case as to the False Claims Act claim. Only a "lay person" - who is not qualified may not represent "the interests" of the United States in Court proceedings to Bell v. Persons 2008 US Dist Lexis 29366 (DC DC 2008) here, however Banks is not only qualified, he has moved for independent counsel and it is unclear and Banks is not representing the interest of the United States because the United States failed to intervene in this action and where Banks is classified as a United States citizen a classification that gave Courts jurisdiction to put him in prison in the first place Banks bringing a suit in his name is the equivalent of The United States bringing a suit where the action is partly brought under the False Claims Act. Finally only the US Department of Justice requested that the motion be granted not the defendants, since only a non party to the action requested the motion be granted and defendants never made any such

3

request the case to now be denied in full. See Defendant's motion page 10

Case 1:07-cv-00309-EGS   Document 33   Filed 05/27/2008   Page 4 of 6

## CONCLUSION

In sum, Plaintiff's remaining claims survive because he has exhausted all available administrative remedies with regard to each FOIA, Privacy Act and Bivens claims and as explained plaintiff may bring a False Claims Act claim against the government where as here it is grounded in fraud which might result in financial loss to Government. Thevenot v. National Flood Ins. Program 620 F. Supp 341 (WD La 1985).

WHEREFORE, The plaintiff Frederick Banks respectfully requests that the foregoing motion of plaintiff be granted, Defendant's renewed motion be denied and that a hearing be held and discovery ordered.

Dated April 23, 2008

Respectfully submitted,

Frederick Banks
05711-068, I/Au
PO Box 5000
Yazoo City, MS 39194

PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Frederick BANKS,             )
       Plaintiff,            )
                             )
   v.                        )    Civil Action No. 07-309 (EGS)
                             )
Harley Lappin et al.,        )
       Defendant             )
                             )

## AMENDED DECLARATION OF FREDERICK BANKS

Pursuant to 28 USC § 1746, I, Frederick Banks, declare the following to be a true and correct statement of facts:

1. I am the Plaintiff in this action. I submitted Privacy Act/FOIA claims to the Department of Commerce and Treasury Department as well as the Library of Congress. All of these entities responded but did not provide the requested records. In the case of the Department of Commerce I appealed the denial. Hugh Gilmore is mistaken and he should do another search. I attached the letter received from the Library of Congress to my last reply. All administrative remedies have been exhausted as to these claims.

2. I exhausted each and every available remedy on the Lappin Bureau claims as set fourth in the attached reply.

3. No declaration was received from anyone stating I failed to exhaust available remedies as to the Bureau Lappin claim. As such Defendants did not comply with Rule 56 or the Local rules.

4. Since no genuine issue as to a material fact exists summary judgement should be granted in my favor. To the extent genuine issues of material fact exist a hearing should be held and discovery ordered.

5. Finally, since the documents at issue have yet to be identified defendants request for summary judgment is premature. I am a lawyer duly licensed to practice in a tribal court, Pennsylvania, The United Tribes Supreme Court.

I declare under penalty of perjury that the matters set forth in this Declaration are within my direct knowledge and are correct and true to the best of my information, knowledge, and belief.

Executed this 23rd day of May, 2008

Frederick Banks
Plaintiff

5

Certificate of Service

I hereby certify that on this 23rd day of May, 2008 I served a true and correct copy of the foregoing by mail delivery upon the following:

Christian Natiello, AUSA
555 Fourth St., N.W.
Room E4112
Washington, DC 20530

Frederick Banks