## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FREDERICK BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 07-0309 (EGS) |
| HARLEY LAPPIN, et al., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
### TO ITS RENEWED MOTION FOR SUMMARY JUDGMENT

Defendants[1] hereby reply to "Plaintiff's Reply In Opposition To Defendants' Renewed Motion For Summary Judgment; And Renewed Cross Motion For Summary Judgment."[2] In his Opposition, Plaintiff puts forth no genuine issues of material fact. As such, summary judgment is appropriate in this case.

### ARGUMENT

**I.** Plaintiff's Remaining Claims Should Be Dismissed

    A. Plaintiff's FOIA and Privacy Act Claims Against The Treasury Department, The Library of Congress, and the EOUSA Should Be Dismissed Because Plaintiff Failed To Exhaust His Administrative Remedies.

---

[1] As identified in the Complaint, the Defendants are: the Federal Bureau of Prisons, Attorney General Alberto Gonzales, the President and Vice President of the United States, the Senate, the House of Representatives, Senator Charles Schumer, Henry Paulson, Treasurer of the United States, the Library of Congress, the United States Passport Office, the Transportation Security Agency, Harley Lappin, Director of the Federal Bureau of Prisons, Patricia Stansbury, John Miosi, Daniel Greene, Walter Harris, Michael Allen, and Robert Dodson.

[2] Plaintiff claims to be filing a "renewed cross motion for summary judgment," yet he never filed an original cross motion for summary judgment. Moreover, his current "renewed cross motion" reads only as an opposition to Defendants' renewed motion for summary judgment. As such, Defendants are not addressing any "renewed cross motion for summary judgment" herein.

The Treasury Department, the Library of Congress, and the EOUSA have now submitted two declarations each in this case. Each of these declarations shows that, despite Plaintiff's assertions to the contrary, Defendants did not receive FOIA and Privacy Act requests from Plaintiff. As such, he has failed to exhaust his administrative remedies. Plaintiff asks for another search by Mr. Gilmore of the Treasury and for the court to advance him legal fees for his case against the EOUSA. What Plaintiff fails to do, however, is show how these measures would help address his failure to serve proper FOIA and Privacy Act claims against these Defendants. The fact remains that Defendants never received the purported FOIA and Privacy Act requests from Plaintiff.

      B.  Plaintiff's <u>Bivens</u> Claim Against Defendant Lappin Should Be Dismissed
         <u>For Failure to Exhaust Administrative Remedies</u>.

Plaintiff asserts a constitutional cause of action against Defendant Harley Lappin, Director of the Federal Bureau of Prisons, pursuant to the doctrine announced in <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In the memorandum in support of Defendants' motion for summary judgment, Defendants argued, in part, that Plaintiff's <u>Bivens</u> claims must be dismissed in their entirety due to Plaintiff's failure to exhaust his statutorily-mandated administrative remedies. <u>See</u> Defendants' Original Memorandum, pp. 12-15 and Cox Declaration attached thereto. The Court agreed with Defendants' argument and held that Plaintiff had failed to exhaust his administrative remedies with regard to the aforementioned <u>Bivens</u> claims. The court thereafter held that "those claims must be dismissed for [Plaintiff's] failure to exhaust his administrative remedies prior to filing this action." <u>See</u> Order dated March 22, 2008, pp. 9-11.

The Court, however, did not dismiss Defendant Lappin, in his individual capacity, from

Plaintiff's <u>Bivens</u> action. Due to Plaintiff's failure to exhaust his administrative remedies with regard to the claims asserted against all individual Defendants, including Defendant Lappin, Defendant Lappin, in his individual capacity, also must be dismissed from this <u>Bivens</u> action.

Moreover, Defendant Lappin is protected by qualified immunity. Plaintiff plead no facts involving Defendant Lappin as the Supreme Court requires. <u>See</u> <u>Bell Atlantic Corp. v. Twombley</u>, 127 S.Ct. 1955, 1965 (2007) (to survive a motion to dismiss, a complaint must contain "more than labels and [legal] conclusions" and must "raise a reasonable expectation that discovery will reveal evidence" that the defendant engaged in unlawful conduct"). Instead, Plaintiff summarily claimed that Mr. Lappin was a "doer of deceit" without averring why, when, or how Mr. Lappin was such. The "labels and conclusions" in this case fail to adequately plead a violation of clearly established constitutional rights.

      E.     <u>Plaintiff's False Claims Act Claim Must Fail Because No Justiciable Case or Controversy Exists</u>.

Plaintiff's False Claims Act claim must fail because the False Claims Act is intended to be a way for the Government to sue "any person" who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government...a false or fraudulent claim for payment or approval." 31 U.S.C. §3729(a)(1). While a private individual–called a relator–may join the Government in the suit, it is, for all practical purposes, the Government's suit. The False Claims Act does not allow for a private citizen to sue the government on his own accord.

Suits to collect damages under the False Claims Act may be brought by the Department of Justice. <u>Id</u>. at §3730(a). Alternatively, a private relator, may bring a qui tam action "for the person and for the United States Government," and such an action "shall be brought in the name

of the Government." Id. at §3730(b)(1).  The False Claims Act provides the Government with the opportunity to intervene in a qui tam suit "within 60 days after it receives both the complaint and the material evidence and information" (id. at §3730(b)(2)), in which event the Government "shall have the primary responsibility for prosecuting the action, and shall not be bound by an act of the person bringing the action."  Id. at §3730(c)(1).  If the Government declines to take over the case, "the person bringing the action shall have the right to conduct the action."  Id. at §3730(b)(4)(B).  The Government, however, retains important powers of control over the suit even when it declines to take it over; a qui tam action cannot be settled and dismissed by the relator without the written consent of the Attorney General, and the Government can intervene later in the case and dismiss it even over the relator's opposition if the suit is against the interests of the United States.  See id. at §3730(c)(2)(A); Sequoia Orange Co. v. Baird-Neece Packing Corp., 151 F.3d 1139, 1143-45 (9th Cir. 1998), cert. denied, 525 U.S. 1067 (1999).

It also is well-settled that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text."  Lane v. Pena, 518 U.S. 187, 192 (1996).  Absent consent for suit, then, the district court lacks jurisdiction to consider Plaintiff's claim.  See Galvan v. Federal Prison Industries Inc., 199 F.3d 461, 468 (D.D.C. 1999) (holding that the defendant "enjoyed an unwaived sovereignty immunity").  In the present case, Plaintiff has not pointed to any statute waiving sovereign immunity and consenting to suit against employees of the BOP.  Plaintiff's False Claims Act claim therefore fails as a matter of law.[3]

---

[3] Moreover, Plaintiff's False Claim Act claims must fail because a *pro se* party cannot serve as a relator.  See Bell v. Persons Acting as "United States Parole Commission, 2008 U.S. Dist. LEXIS 29366 (D.D.C. March 25, 2008).  Plaintiff also failed to follow the "special pleading rules" for *qui tam* actions brought under the False Claims Act.  See Nattah v. Bush, 2008 U.S. Dist. LEXIS 26326, *40

4

## **CONCLUSION**

In summary, Plaintiff's remaining claims fail because he failed to exhaust his administrative remedies with regard to his FOIA, Privacy Act claims, and <u>Bivens</u> claims. Moreover, Plaintiff cannot bring a False Claims Act claim against the government.

WHEREFORE, the United States Department of Justice requests that this Renewed Motion for Summary Judgment be granted and that Plaintiff's Complaint be dismissed.

Dated June 2, 2008.

Respectfully submitted,

_/s/_
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney


_/s/_
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_/s/_
CHRISTIAN A. NATIELLO D.C. BAR # 473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C.  20530
(202) 307-0338

---

(D.D.C. March 31, 2008).

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2008, I caused the foregoing Defendants' Reply to Plaintiff's Opposition to Defendants' Renewed Motion For Summary Judgment to be served on Plaintiffs via first class mail, postage prepaid at:

Frederick Banks
RO5711-068
Federal Correctional Institution
Unit 2AW
P.O. Box 5000
Yazoo City, MS 39194-5000

Vampire Nation
613 Cross Street
East McKeesport, PA 15305

_/s/_
CHRISTIAN NATIELLO, D.C. Bar #473960
Assistant U.S. Attorney

555 Fourth St., N.W.
Room E4112
Washington, D.C. 20530
(202) 307-0338