**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-0309 (EGS) |
| | ) | |
| HARLEY LAPPIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendants' renewed motion for summary judgment and plaintiff's renewed cross-motion for summary judgment. The Court grants the former, denies the latter, and enters judgment for defendants.

I.  BACKGROUND

*A.  Plaintiff's Remaining Freedom of Information Act and Privacy Act Claims*

Plaintiff brought this action in part under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Defendants argued that all of plaintiff's FOIA and Privacy Act claims were subject to dismissal because he had not exhausted his administrative remedies prior to filing the instant civil action. *See* Mem. of P. & A. in Support of Defs.' Mot. to Dismiss or, in the Alternative, for Summ. J. or for a More Definite Statement [#17] at 7-10. Defendants already have established that plaintiff failed to exhaust administrative remedies with respect to FOIA requests submitted to the United States Department of the Treasury ("Treasury"), the Transportation Security Agency ("TSA"), the Passport Office of the United States Department of State ("Passport Office"), the Library of Congress ("LOC"), and the

1

Federal Bureau of Prisons ("BOP"). *Banks v. Lappin*, 539 F. Supp. 2d 228, 236 (D.D.C. 2008). Further, it was determined that plaintiff failed to exhaust administrative remedies with respect to his Privacy Act requests to the BOP, the Passport Office, and the TSA. *Id.*  It was unclear on the previous record whether the Justice Department's Executive Office for United States Attorneys ("EOUSA"), had received plaintiff's FOIA and Privacy Act request. *Id.* at 237.  The Court granted defendants' motion in part, and dismissed the FOIA claims against the Treasury, the TSA, the Passport Office, the LOC, and the BOP, as well as the Privacy Act claims against the BOP, the Passport Office, and the TSA. *Id.*  In the instant motion, defendants have addressed the remaining Privacy Act claims against the Treasury and the LOC, and the remaining FOIA claim against the EOUSA. *See* Memorandum of Points and Authorities in Support of Defendants' Renewed Motion for Summary Judgment ("Defs.' Renewed Mot.") at 4-5.

The Treasury's declaration clarifies that the agency treats FOIA requests and Privacy Act requests in the same manner. Defs.' Renewed Mot., Amd. Gilmore Decl. ¶ 6.  Upon receipt of a request under either Act, "an electronic record is created by entering relevant information from the request into a tracking database." *Id.* ¶ 5.  The declaration repeats that agency staff's search of the tracking database using plaintiff's name and derivations of his name as search terms yielded no records. *Id.* ¶ 6.  In addition, the declaration reports that "[a]ll of the respective bureau FOIA contacts searched the name and organization fields of their respective databases," and found no records pertaining to plaintiff. *Id.* ¶ 8.

Similarly, the LOC's declaration clarifies that agency staff searched its Records Management System (RMS) "for any Privacy Act request by [Plaintiff] at the [LOC] from the

beginning of calendar year 2007 to present."[1]  Defs.' Renewed Mot., Fernandezlopez Decl. ¶ 7.

No records were located.  *Id.* ¶ 8.

Lastly, the EOUSA's declaration explains that it "received no request from [plaintiff] –

whether FOIA or Privacy Act – other than those dealt with" in a separate civil action before this

Court.  Defs.' Renewed Mot., Declaration of John F. Boseker ¶ 7; *see Banks v. Dep't of Justice*,

538 F. Supp. 2d 228, 235-37 (D.D.C. 2008) (granting defendants' summary judgment motion

with respect to plaintiff's FOIA claims against the EOUSA).

In his opposition, plaintiff merely repeats his assertions that he sent Privacy Act requests

to the Treasury and the LOC.  Pl.'s Reply in Opp'n to Defs.' Renewed Mot. for Summ. J. ("Pl.'s

Opp'n") at 1-2 & Ex. (Amd. Banks Decl.) ¶¶ 1-2.

An agency may meet its burden on summary judgment by submitting affidavits or

declarations that explain in reasonable detail the scope and method of the agency's search.

*Perry v. Block*, 684 F.2d 121 (D.C. Cir. 1982).  In the absence of contrary evidence, such

affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA.

*Id.* at 127.  The declarations from the Treasury and the LOC adequately establish that each

conducted a reasonable search of its records and determined that plaintiff had not submitted a

Privacy Act request.  Likewise, the EOUSA's supporting declaration establishes that plaintiff

submitted no FOIA request other than those requests which are the subject of an unrelated civil

action.  "Without any showing that the agency received the request, the agency has no obligation

to respond to it."  *Hutchins v. Dep't of Justice*, No. 00-2349, 2005 WL 1334941, at *1-2 (D.D.C.

June 6, 2005).  Plaintiff presents neither an argument nor evidence sufficient to withstand

defendants' renewed motion, and the motion will be granted on this matter.

---

[1]        Ms. Fernandezlopez executed her declaration on April 4, 2008.

*B.  Constitutional Claim Against Harley Lappin*

1.  <u>Failure to Exhaust Administrative Remedies</u>

Plaintiff brings a constitutional claim against Harley Lappin, BOP's Director, in his

individual capacity under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,

403 U.S. 388 (1971).  *See* Compl. at 3-4.  Defendants argue that plaintiff must exhaust his

administrative remedies on such a claim as is required under the Prison Litigation Reform Act

("PLRA") before filing a civil action in court.  *See* Defs.' Renewed Mot. at 6-7.

In relevant part, the PLRA provides that:

> [n]o action shall be brought with respect to prison conditions under
> section 1983 of this title, <u>or any other Federal law</u>, by a prisoner
> confined to any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis added).  This exhaustion requirement is mandatory and "applies

to all prisoners seeking redress for prison circumstances or occurrences."  *Porter v. Nussle*, 534

U.S. 516, 520 (2002); *see Jones v. Bock*, __ U.S. __, __, 127 S.Ct. 910, 918-19 (2007).

Plaintiff's claim against Lappin pertains to the conditions of his confinement, and, therefore, it is

subject to the PLRA's exhaustion requirement.

On this record, the Court concludes plaintiff has not exhausted his administrative

remedies with respect to his claims against defendant Lappin.  Defendants show that BOP staff

conducted a search of the electronic databases where records of inmates' formal administrative

remedy requests are maintained.  *See* Mem. of P. & A. in Support of Defs.' Mot. to Dismiss or,

in the Alternative, for Summ. J., or for a more Definite Statement [#17] Cox Decl. ¶ 5.  There

were no records of "any formal administrative remedy requests . . . pertaining to the issues raised

in [plaintiff's] complaint, including the circumstances regarding his placement in the [Special

Housing Unit] and his allegations of discrimination and defamation." *Id.*

### D. False Claims Act Claim

Plaintiff brings civil rights claims against staff at the Federal Correctional Complex in Butner, North Carolina ("FCC Butner") arising from an incident on December 28, 2006.  Staff members are alleged to have handcuffed plaintiff and to have placed him "into the hole" in order to "curtail [plaintiff's] legal actions in civil and criminal matters because he was black and Indian and because of his pagan religion."  Compl. at 3.  Plaintiff alleges that, through their alleged unconstitutional actions with regard to the December 28, 2006 incident, these defendants "willfully[,] knowingly[,] intentionally, purposefully, knowingly [sic], and maliciously took and stole money from the United States from their paychecks, insurance and pensions."  *Id.* at 5.  Under the False Claims Act, *see* 31 U.S.C. § 3729 *et seq.*, plaintiff demands not only "33% of their assets and income" but also "the assets of their spouses."  *Id.*

A "private person[] acting on behalf of the government may sue those who defraud the government and may share in any proceeds ultimately recovered" under the False Claims Act. *United States ex rel. J. Cooper & Assoc., Inc. v. Bernard Hodes Group, Inc.*, 422 F. Supp. 2d 225, 233 (D.D.C. 2006); *see* 31 U.S.C. § 3730(b) ("A person may bring a civil action for a violation of [the False Claims Act] for the person and for the United States Government.").  That person, called a relator, represents the interests of the United States.  *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd*, No. 03-7120, 2004 WL 180254 (D.C. Cir. Jan. 21, 2004), *cert. denied*, 543 U.S. 820 (2004).

Plaintiff's opposition reveals a fundamental misunderstanding as to the nature of a qui tam action.  He insists that he "is not representing the interest of the United States," and that he "is suing the BOP, not the Justice Department."  Pl.'s Opp'n at 3.  .  "Despite the fact that the

5

relator is entitled to share in the recovery, in qui tam actions, the government remains at all times the 'real party in interest.'" *United States ex rel. Schwartz v. TRW, Inc.*, 118 F. Supp. 2d 991, 994 (C.D. Cal. 2000) (quoting *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994)).  Furthermore, plaintiff is proceeding *pro se*, and he "is not qualified as a lay person to represent the interests of the United States in court proceedings." *United States ex rel. Rockefeller*, 274 F. Supp. 2d at 16; *United States ex rel. Fisher v. Network Software Assoc.*, 377 F. Supp. 2d 195, 196 (D.D.C. 2005) (dismissing complaint without prejudice because *pro se* plaintiff may not maintain suit as *qui tam* relator without the assistance of counsel).

In essence, plaintiff purports to bring a qui tam action on behalf of the United States against the United States.  This claim fails because it presents no case or controversy over which the Court has jurisdiction.  *Sweeney v. Fed. Deposit Ins. Corp.*, No. 96-5129, 1997 WL 358255, at *1 (D.C. Cir. June 5, 1997) (per curiam) (finding that a claim "arising under the qui provisions of the False Claims Act" seeking a money judgment on behalf of the United States against the United States "do[es] not present a justiciable case or controversy"); *Prevenslik v. United States Patent & Trademark Office*, No. 1:05cv498, 2005 WL 6047270, at *1 (E.D. Va. June 16, 2005) (concluding that a qui tam action against the United States Patent & Trademark Office "amounts to an action by the United States against the United States and . . . is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)"), *aff'd*, 182 Fed. Appx. 197 (4th Cir. May 24, 2006) (per curiam), *cert. denied*, 549 U.S. 936 (2006); *Juliano v. Fed. Asset Disposition Ass'n*, 736 F. Supp. 348, 352 (D.D.C. 1990) (dismissing a qui tam action against an entity owned and controlled by a federal government agency, commenting that "[t]he Court fails to see how such a redistribution of funds within the federal government creates the requisite case or controversy"), *aff'd*, 959

6

F.2d 1101 (D.C. Cir. 1992) (per curiam).  No court may entertain an action where the parties are not adversaries.  *see also South Spring Hill Gold Mining Co. v. Amador Medean Gold Mining Co.*, 145 U.S. 300, 301 (1892) (concluding that the court could not adjudicate a matter between two corporations which, since the lower court ruling, had come under the control of the same persons).

## III.  CONCLUSION

The Court concludes that plaintiff has failed to exhaust his administrative remedies with respect to his Privacy Act claims against the Treasury and the LOC, his FOIA claim against the EOUSA, and his constitutional claim against Harley Lappin.  Further, the Court concludes that it lacks subject matter jurisdiction over plaintiff's False Claims Act claim because it presents no case or controversy.  Accordingly, the Court grants defendants' renewed motion for summary judgment.  An Order accompanies this Memorandum Opinion.

Signed:      EMMET G. SULLIVAN
             United States District Judge

Dated:       March 9, 2009